NORTON and others, superintendents of the poor of the county of Chautauque, *vs.* RHODES.

Superintendents of the poor cannot maintain an action against a husband for boarding, clothing and medical aid furnished to his wife as a pauper; notwithstanding he has maltreated her and expelled her from his house without just cause, and refuses to provide for her though of sufficient ability to do so.

The wife of a man who is bound by law to support her, and who is abundantly able to do so, cannot be regarded as a pauper.

APPEAL by the plaintiffs from a judgment of the Chautauque county court, reversing the judgment of a justice.

*A. Smith,* for the plaintiffs, cited 15 *John.* 440 ; 18 *id.* 380 ; 8 *Paige,* 406.

*Geo. A. Green,* for the defendant, cited 1 *R. S.* 614, §§ 1, 2, &c. ; 1 *Cow. Tr.* 125.

*By the Court,* MARVIN, P. J. The question to be considered may be briefly stated. The action is by the superintendents of the poor of Chautauque county against the defendant Rhodes, for boarding, clothing and medical aid furnished to Sally Rhodes, the wife of the defendant. The evidence justified the justice in finding that Rhodes the husband maltreated his wife, and expelled her from his house without just cause, and that he refused

Norton *v.* Rhodes.

to provide for her, though of sufficient ability to do so.    The plaintiffs, as superintendents, made provision for her, for a time, in the town where her husband resided, and then removed her to the county poor-house and supported her there as a pauper. The justice rendered judgment against the defendant, which, upon appeal, the county court reversed.

Could the plaintiffs maintain the action to recover from the husband the amount expended by them as superintendents of the poor for the support of his wife as a pauper?    In my opinion there is no principle upon which this action can be sustained. It is not claimed that there is any statute providing for the case. The plaintiffs' counsel invokes to his aid the common law principle obliging the husband to support his wife, and in case he neglects or refuses to do so, rendering him liable in an action at the suit of any one who furnishes her with necessaries.    Those principles have no application to the present case, and in my judgment it would be extremely dangerous to confer upon the superintendents of the poor, in their official capacity, the right to interpose in cases of difficulties between husband and wife, and thus involve the county in the controversy, and array its power against one of the parties.    Where do they find the authority to adjudicate officially upon the circumstances that shall render the husband liable ?    If any one of them as an individual shall see fit to furnish necessaries to a wife and resort by action to the husband for compensation, upon the ground of ill usage, &c., he may undoubtedly do so, and a court will hear the proofs and allegations of the parties and decide in accordance with the well settled principles of the common law.    It might be decided that the husband was not in fault, and if so, then the plaintiff could not recover.    The plaintiffs may in this case concede that they could not recover without showing that the defendant had maltreated his wife, or unjustly refused to provide for her.    Suppose upon the trial they had failed to make out such a case, still the county has been put to the expense of supporting her, and upon what authority ?    The superintendents of the poor have power, and it is their duty, to take care of the poor.    But who are paupers ?    Can the wife of a man who is bound by the law

Norton v. Rhodes.

to support her, and who is abundantly able to do so, be regarded as a pauper? If he abandons her or sends her away, he is liable for her necessaries, and he sends credit with her, to that extent. (2 *Kent's Com.* 146.) His whole property is liable for her reasonable support, and she is not in my opinion to be treated or regarded as a pauper. The law has made ample provision for her. If ill treated she may apply to the courts for a separation or limited divorce, and the court may make such order for the support of the wife by the husband as shall appear just and proper.

It was not supposed necessary, in the poor laws, to provide for the support of the wife by the husband. It is provided by the statute that the father, the mother, and the children of sufficient ability, of any poor person, &c. shall relieve and maintain such poor person, and the mode of proceeding to compel such maintenance is pointed out. It is by an application to the court, to be made by the overseers of the poor of the town. If the order of the court is not obeyed, the overseers may maintain an action against the person neglecting to perform the order. (1 *R. S.* 614, 615, § 1 *to* 7.)

Ample provision is made for the case of an absconding father, mother, or husband, and the duties of the overseers of the poor or county superintendents are clearly specified. (*Id.* § 8 *to* 13.)

Poor persons are to be maintained by the county or town in which they may be, (*Id.* § 14,) and the statute prescribes the manner, and the duty of superintendents of the poor, in which I find no countenance for the position of the plaintiffs in this case. I do not find any authority for overseers of the poor or county superintendents to maintain an action, in any case, against any individual, to recover money expended by them for the support of the poor.

The counsel for the plaintiffs cited *The Overseers of the Poor of Pittstown* v. *Overseers of the Poor of Plattsburgh*, (15 *John.* 436.) There a pauper, having no settlement in the state, as alleged in the declaration, was removed from the town of Plattsburgh to the town of Pittstown, where he became sick, and the latter town was put to expense in providing for him. The order under which he was removed was quashed, and the action was brought

Norton *v.* Rhodes.

by the overseers of the town of Pittstown against the over-
seers of the poor of the town of Plattsburgh, to recover the
amount expended in supporting the sick pauper. The court
held that the action could be maintained. This case has no
application to the one we are now considering. The individual
removed from Plattsburgh to Pittstown was a *pauper,* and hav-
ing no settlement in the state, the law cast the duty of his main-
tenance upon the town of Plattsburgh in which he was, and the
court held that the pauper had been illegally fixed upon the town
of Pittstown by the agency and instrumentality of the overseers
of the poor of Plattsburgh, where he became sick, &c. In the
present case it is admitted that the defendant Rhodes was liable
to support his wife; but I do not concede that she was a *pauper,*
nor that the plaintiffs had any right to treat her as a pauper, or
were under any obligations or duty to relieve her as a pauper.
The case of *Pittstown* v. *Plattsburgh* will be again found in
18 *John.* 407, where, it appearing that the pauper had a settle-
ment in the state, at Hoosick, it was held that the plaintiff could
not recover. *Overseers of Tioga* v. *Overseers of Seneca,* (13
*John.* 380,) was also cited. It is not necessary to remark upon
it. In *Pomeroy and other, superintendents of the poor,* v.
*Wells,* (8 *Paige,* 406,) the bill was filed against the husband to
obtain satisfaction of the expenses incurred by the county for the
support of his wife as a lunatic or pauper. The complaint was
demurred to upon several grounds, and the chancellor sustained
the demurrer. He expressed the opinion that upon the merits
the bill could not be sustained. He refers to the common law
liability of the husband for the support of his wife, and says
that the remedy was at law. This remark would seem to
countenance the idea that an action at law would lie against the
husband by the superintendents of the poor, upon common law
principles. He cites no authority, and it does not appear that
he considered the question carefully. He held that he had no
jurisdiction, and dismissed the bill without prejudice to the
rights of the plaintiffs at law, if they had any. His intimation
that an action at law would lie was not necessary to the decision
of the case, and I have endeavored to show that the public offi-

cers—superintendents of the poor—ought not to be permitted to maintain the action upon the common law principle rendering the husband liable.

I think the judgment of the county court should be affirmed.

Judgment affirmed.

[ERIE GENERAL TERM, May 15, 1854. *Marvin, Bowen* and *Greene,* Justices.]