JOHN TROTTER *et al.*

*v.*

MARY A. TROTTER.

1.  HUSBAND AND WIFE—*remedy for support of wife when deserted.* At common law, when the husband deserts his wife, and refuses to supply her with necessaries according to her rank and condition, the proper remedy is by an action at law by the person supplying her with such necessaries.

2.  SAME—*separate maintenance incidental to other relief.* At common law, where a separate maintenance is granted to the wife, it is always incidental to some other relief, as in the case of divorce, or *supplicavit* for security of the peace against the husband.

3. MARRIED WOMAN—*separate maintenance.* Since the repeal of the act of March 5, 1867, a married woman who, without fault on her part, lives separate from her husband, can not maintain a bill against him for a reasonable support and maintenance.

APPEAL from the Circuit Court of Wayne county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was a bill in chancery, by Mary A. Trotter, against John Trotter, Zadoc C. Reynolds, Calvin P. Thomasson, William J. Sailor, and Edward Bonham, for a separate maintenance, and for an injunction.

The bill alleges that on July 14, 1874, while complainant and her husband were residing in the State of Kansas, the latter deserted her, and has since failed to provide for her, etc., and went away with one Mary J. Myers; that John Trotter has money in bank to the amount of $1700, and has money and notes in the hands of Thomasson to the amount of $1800. The bill prays for a discovery of the moneys, etc., in the hands of the other defendants, and that they be enjoined from paying the same to John Trotter, and for a decree for a separate maintenance.

The court below decreed that Thomasson pay the complainant $100 money admitted to be in his hands, and continued the cause.

Messrs. HANNA & ADAMS for the appellants.

Mr. JAMES McCARTNEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question presented by this record is, can a married woman, under the law now in force in this State, bring a bill for maintenance against her husband, where she seeks no other relief.

The right to alimony, under such circumstances, was not recognized at common law; but the proper remedy, where

the husband deserted his wife, and refused to supply her with necessaries according to her rank and condition, was by an action at law by the person supplying such necessaries for her. Where a separate maintenance was granted the wife, it was always as incidental to some other relief, as in case of divorce, or *supplicavit* for security of the peace, against her husband, etc. Story's Equity Jurisprudence, Vol. 2, sec. 1422; Bishop on Marriage and Divorce, secs. 549 to 552.

In some of the States, a different rule has obtained, and alimony has been allowed on bill filed for that purpose alone. *Purcell* v. *Purcell*, 4 Hen. and Munf. 597; *Galland* v. *Galland*, 38 Cal. 265; *Graves* v. *Graves*, 36 Iowa, 310; but except in so far as this is authorized by statute, the decisions are against the current of the authorities, and the rule they recognize is an evident departure from principle. *Fisch* v. *Fisch*, 1 Blackford, 360; *Peltier* v. *Peltier*, Harrington Ch. R. 19; *Rees* v. *Waters*, 9 Watts, 90; *Pomeroy* v. *Welsh*, 8 Paige, 406; *Parsons* v. *Parsons*, 9 N. H. 309; *McGee* v. *McGee*, 10 Ga. 477; *Doyle* v. *Doyle*, 26 Mo. 545; *Yule* v. *Yule*, 2 Stock. 138.

· It is said, in Bishop on Marriage and Divorce, sec. 374, that " as a general proposition, a decree for separation in favor of the wife, must be attended, if she asks it, by a decree for alimony; and upon the same principle rests the better and general doctrine already discussed, that no court can grant alimony when it is the only thing sought; because, in the nature of the case, an adjudication allowing the wife to live separate from the husband, is a necessary foundation for an adjudication compelling him to pay her a separate support. His ordinary duty is to maintain her in cohabitation with him. not otherwise; and the court can not adjudge him obligated to do it in separation, until it adjudges that she may live separate."

The first section of the " act in relation to married women," approved March 5, 1867, authorized married women who, without their fault, lived separate and apart from their husbands, to have a decree against their husbands for reasonable

support and maintenance, while they so lived separate and apart. (Laws of 1867, p. 132.) But this act is expressly repealed by the 5th section of chapter 131, Revised Statutes of 1874, p..1035, and the question is left as it was prior to that enactment.

The 11th section of chapter 68, Revised Statutes of 1874, only authorizes the husband or wife, when abandoned by the other, who leaves the State, and is absent therefrom for one year, without providing for the maintenance and support of his or her family, or is imprisoned in the penitentiary, to apply to any court of record in the county where the husband or wife so abandoned, etc., resides, and have a decree authorizing him or her to manage, control, sell and incumber the property of the other, etc.

Neither the allegations in the bill, nor the facts proved, bring the case within this section.

We are of opinion the decree of the court below is unauthorized by the law in force when the proceeding was instituted and the decree rendered, and it must, therefore, be reversed.

*Decree reversed.*