THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM KEHLBECK v. ANDREW WALSH, POLICE JUSTICE.

*Abandonment of wives by husbands in Kings county — chapter 395 of 1871 — what required to be proved under.*

Under chapter 395 of 1871, in relation to persons who abandon their wives and families in Kings county, it is not enough to authorize a conviction, to show that a husband has abandoned his wife, unless it also be shown that she has no adequate means of support, and is a burden upon the public.

CERTIORARI to review the conviction of the relator on a charge of abandoning his wife, under chapter 395 of 1871.

*S. D. Lewis*, for the relator.

*Wm. Sullivan*, for the respondent.

BARNARD, P. J.:

The relator was arrested for abandonment of his wife, under chapter 395 of the Laws of 1871. (Laws of 1871, volume 1, page 784.) By section 1 of this act the wife may be a witness, "but no conviction shall be had upon her testimony, uncorroborated by other testimony." She alone testified to the abandonment. The husband, the relator, testified that she told him she would leave him and "support herself and me." Before leaving it is proven that she "had hold of her husband and was trying to push him down; she pulled his spectacles off and broke them;" she broke up about $100 of furniture; she took what remained with her; she applied for alimony in a divorce suit, which was denied. She is thirty-nine years old, her husband is sixty-five. He proves that he has now no home and no money, is ruptured, had the piles and the rheumatism and is incapable of regular work. Earns about $200 a year and sleeps in his son's store; she is strong and healthy and gets drunk, as was proven on the examination. One witness had "seen her fifty times under the influence of liquor." She threatened her husband's life and fired

a full plate of potatoes at his son. I cannot in all this, find any corroboration of the wife's statement that he had abandoned her.

I think the conviction should be reversed.

GILBERT and DYKMAN, JJ., concurred.

GILBERT, J. :

This *certiorari* brings up the question whether the evidence was sufficient to warrant the conviction. (*People* v. *Bd. of Assessors*, 39 N. Y., 81, 88; *People* v. *Met. Police Board*, id., 506; *People ex rel. S. and U. H. R. Co.* v. *Betts et al.*, 55 id., 600, and cases cited.) Such, we understand, to be the rule on this subject, as modified by recent decisions.

The relator was convicted under the "act in relation to persons who abandon or threaten to abandon their families in the county of Kings," passed April 11, 1871 (chap. 395), of having abandoned his wife and left her without adequate support, a burden on the public, and of having neglected to support her. This statute must be deemed to have superseded the previous provisions of law on this subject so far as the latter applied to the county of Kings (*Ross* v. *City of Brooklyn*, Ct. of App., MS.), and the legal effect of that is to remove the defendant from the category of disorderly persons as defined by the Revised Statutes (1 R. S., 638, § 1) and subsequent statutes (Laws 1844, chap. 174, § 6). Under the statute of 1871 it is the default after notice to find sureties who will join in his recognizance, only, which authorizes the justice to make up a record of conviction of the accused as a disorderly person. In this case sureties were found. Consequently no such record of conviction was, or could have been, made up.

It is apparent, also, from the language of the statute that a mere neglect to support a wife does not authorize the proceeding under the act of 1871. "Neglect to support was an ingredient of the offense specified in the section of the Revised Statutes and of the act of 1844, above cited. It was held in *The People* v. *Pettit* (3 Hun, 416) that the recognizance is not taken as an indemnity to the public, provided for by the section of the Revised Statutes cited, but that the amount named in it is a penalty imposed for the neglect to support. That effect cannot, however, be given to

the recognizance under the act of 1871. For the words "neglect to support" were omitted in the latter act, and we think the omission was purposely made. Many wives abandon their husbands, and then invoke the summary and stringent power of a magistrate to compel their husbands to support them. Where such support is unnecessary for the public indemnity, we think, notwithstanding what was said in *The People* v. *Pettit* (*supra*), that a change of law throughout the State, like that made by the act of 1871, would be salutary. The common law affords no means of compelling a husband to support his wife otherwise than by making him liable to third persons who have supplied her with necessaries after he has improperly refused to do so, and the statute providing for the compulsory support of indigent relatives (1 R. S., 614, § 1) does not extend to husband and wife. Nor has a wife who has eloped from her husband authority to bind him for necessaries. (*Pomeroy* v. *Wells*, 8 Paige, 410; *Cromwell* v. *Benjamin*, 41 Barb., 558; see, also, *Certwell* v. *Hoyt*, 6 Hun, 579.)

Did the relator, then, abandon his wife? We have found no evidence warranting that conclusion. On the contrary, it satisfactorily appears that after assaulting and maltreating the husband's person, she left him and went to live with her son, and that she has sued the relator for a divorce. The only evidence of abandonment by the relator is that the wife went to the store where he was employed and asked for support, and he ordered her out of the store, and said he did not know her. That does not prove an abandonment on his part, but merely a refusal to support her away from his home, and a desire that her abandonment of him should continue. It was her duty to offer to return and live with him under circumstances showing her willingness to discharge her duties as a wife, and then a rejection of such offer by him might be deemed an abandonment.

But even if the husband's conduct on the occasion mentioned amounted to an abandonment, that alone is not sufficient to confer upon the magistrate jurisdiction under the act of 1871. It must be an abandonment which leaves the wife without adequate support, and a burden on the public. The statute of 1871 was not intended to furnish a civil remedy to deserted wives, but to protect the public against the expense of supporting paupers. If, when the abandonment takes place, the larder is full, or the wife is with relatives or

friends who continue her support, or she has means of her own, or for any cause it is not proved that she has been left without adequate support and a burden on the public, both, the case is not within the statute of 1871, and the magistrate has no jurisdiction to act.

We think the conviction should be quashed.

BARNARD, P. J., and DYKMAN, J., concurred.

Conviction reversed.