JAMES H. GOODALE, AS SUPERINTENDENT OF THE POOR OF ORANGE COUNTY, APPELLANT, *v.* WASHINGTON BROCKNER AND WILLIAM E. LAWRENCE, EXECUTORS, ETC., OF ABRAHAM MAZE, DECEASED, RESPONDENTS.

*Liability of a husband for the support of an insane wife.*

Neither a husband nor his executors are liable for the expenses incurred by a county in supporting his wife, who, after leaving his house, was found to be insane and was subsequently delivered over to the county authorities in pursuance of an order made by the court upon the discharge of a committee of her person and estate, the husband having had no notice of such proceedings.

APPEAL from a judgment in favor of the defendants, and from an order made upon a motion for a new trial setting aside a verdict in favor of the plaintiff and directing a judgment to be entered in favor of the defendants.

The action was brought by the superintendent of the poor of the county of Orange against the executors of one Abraham Maze to recover for board, lodging and care of the testator's wife, who it was alleged became poor and insane, and whose husband had, it was alleged, without her fault, abandoned and neglected to support her.

*Wadsworth & Cuddeback*, for the appellant.

*Edward F. Brown*, for the respondents.

DYKMAN, J. :

Abraham Maze was married to his wife about the year 1852, and she lived with him at his home in the city of New York for about one

year. Then she left him and went to the house of her half-brother in Orange county. Here she was found to be insane, and by regular proceedings instituted for that purpose a committee of her person and estate was appointed and she remained in his charge for some time. There is confusion in the dates, but they are not important. Then the committee was discharged and an order of the court made that she be delivered over to the overseer of the poor of the town of Montgomery, in Orange county, where she had a settlement. There is no distinction between town and county poor in that county, and all paupers there are supported at the joint expense of the several towns as a county charge.

As near as can be gathered from the case she has, since the making of the last order and the discharge of her committee, and certainly since January 1, 1870, been supported by the county of Orange.

Now the husband is dead, and this action is brought against his executors for the recovery of the money expended in her support between March 1, 1873, and January 24, 1875. It does not appear that the husband had notice of the legal proceedings by which his wife was declared a lunatic, and he was not, therefore, foreclosed by them.

We have no statute under which to maintain this action. Proceedings may be instituted to compel certain persons to provide support for indigent relatives, but even that cannot be carried on against a husband. Neither does any principle of the common law give support to the action.

It is very true that when men and women take on themselves the relation of husband and wife they assume towards each other, and towards the State and society, obligations and duties that are far reaching and may be long lasting. Among those duties is that of the husband to provide for the wife, and if he fails in that obligation and she is obliged to go out from his presence by reason thereof, she carries with her the credit of her husband to the extent of her necessities, and he may incur liability to persons who furnish her therewith. But under this rule of law the husband must only provide for his wife at his own home and not elsewhere, if he is willing and so desires. If she abandons him, or is removed by others, she carries with her no credit, and no liability for support follows. No

exception can be allowed where the wife is insane, for we have no law requiring a husband to place his insane wife in an asylum. He has yet the same legal right to support her in his own house, and his only duty is to make suitable provision for her there.

It is thus seen that the law has made ample provision for the wife and there exists no necessity for an action like the present. So the case stands on principle, and on authority it stands no better for the plaintiffs. The case of *The Board of Supervisors* v. *Budlong* (51 Barb., 493) was an action against a husband for the support of his insane wife, and had much similarity to this, but the court held that no recovery could be allowed. In *Norton* v. *Rhodes* (18 Barb., 100) it was also decided that the superintendents of the poor could not maintain an action against a husband for aid furnished his wife as a pauper, even where he had maltreated her and expelled her from his house without cause and refused to provide for her, though of sufficient ability so to do.

So, also, the teaching of the case of *People* v. *Pettit* (74 N. Y., 322) is much against the maintenance of actions like the present.

Both principle and authority are against this action, and it **cannot** be sustained.

The judgment must be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Order setting aside verdict and ordering judgment for defendant affirmed, with costs.