Matthew Johnson

v.

Anna Christine Johnson.

Temporary alimony — Bill for separate maintenance.—In a bill for separate maintenance the court has power to grant temporary alimony.

Appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding. Opinion filed December 22, 1886.

Messrs. Miller, Leman & Chase, for appellant; that temporary alimony can not be granted in a bill for separate maintenance, cited Foss v. Foss, 2 Bradwell, 411.

McAllister, P. J. This was a bill in equity brought August 17, 1885, by appellee, as the wife, against appellant, her husband, for separate maintenance, the bill alleging a marriage January 6, 1881, cohabitation until August 13, 1885, when, as she alleged, she was compelled to leave the defendant on account of bad treatment and cruelty, so that she had been living separate and apart from him, without her fault. The defendant answered, October 6, 1885, admitting the mar-

riage and cohabitation, but denying the several charges of cruelty and that she was living separate and apart from him without her fault. At the succeeding April term of the court, upon motion of the complainant, supported by affidavits, an order was entered requiring the defendant to pay her as temporary alimony the sum of seven dollars a week, from which he took an appeal to this court. It appears from the allegations of the bill and admissions of the answer that defendant was possessed of ample means; but his counsel take the position that the court below had no power, under any circumstances, to award temporary alimony. No counsel for appellee has appeared in this court.

The statute, under which the suit was brought, reads as follows: "That married women, who, without their fault, now live, or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names respectively, against their said husbands, for a reasonable support and maintenance while they so live or have so lived separate and apart; and in determining the amount to be allowed, the court shall have reference to the condition of the parties in life, and the circumstances of the respective cases, and the court may grant allowance to enable the wife to prosecute her suit, as in cases of divorce." 1 Starr & Cur. Stat. p. 1281.

The argument in support of the contention against the power to grant temporary alimony may be thus summarized: The authority for bringing the suit in the wife's name did not exist by either the common law or the general principles of equity; a statute was necessary; hence it is purely a statutory proceeding; the statute must be strictly construed, and the statute expressly authorizing the granting an allowance of suit money and being silent as to the granting temporary alimony, it must be construed as impliedly forbidding the latter, and the case of Foss v. Foss, 2 Bradwell, 411, is cited in support of that view, which, if well decided, does sustain it.

After a somewhat careful analysis of the statute in question and consideration of the subject, we are brought to the conclusion that the statute should not receive the narrow con-

struction which has been put upon it in that case, and by counsel for appellant, in this case.

The duty or obligation of a husband to supply his wife with reasonable support and maintenance according to their condition in life, arises from the common law. The statute in question does not profess to create such duty or obligation, but pre-supposes its existence. It is true that by the prevailing current of authorities, courts of equity, while recognizing such duty or obligation, would not take jurisdiction of a suit in the wife's own name to enforce it, when that was the sole object of the suit, and held that a statute conferring the jurisdiction was indispensable. Ross v. Ross, 69 Ill. 569; Trotter v. Trotter, 77 Ill. 510. To accomplish that end the above statute was passed. It is not only a remedial statute to be liberally construed, but it is very broad in its terms, though concisely worded. It gives to courts of equity full and complete jurisdiction over the subject-matter of the husband's common law duty to furnish his wife reasonable support and maintenance, whenever she, without her fault, shall be living separate and apart from her husband, and a remedy, in her own name, to be administered with reference to the condition in life of the parties, and the circumstances of each case. The grant of jurisdiction thus conferred must necessarily carry with it and include all the powers ordinarily belonging to courts of equity, of affording an adequate and complete relief, according to the general principles of equity, as the special circumstances may require. Such grant necessarily carries with it all the ordinary powers of a court of equity over the writ of injunction, *ne exeat*, or process by attachment, as in other cases, upon proper showing being made. Such duty of support arising at common law, and being *prima facie* a continuously subsisting obligation, why was it necessary to specify in the statute the power of the court as to an *ad interim* support, any more than any of the other inherent or incidental powers necessary to an adequate and complete remedy?

The power in question is necessary to an adequate remedy, under some circumstances. To illustrate, let us suppose a case.

A marriage between parties in comfortable condition in life is consummated in another State. The wife has been faithful to all her marital obligations, but her husband deserts her, and leaving her without means of support, he comes and makes his domicile here, bringing with him all of his property. She follows him here and applies to him for support, but although possessed of ample means, he refuses it. She then brings her suit under said statute for separate maintenance alleging the marriage, and that she is living separate and apart from him without her fault. He answers, expressly admitting the marriage, but the other allegation, though true in fact, he denies. By that he causes an issue to be formed which must be tried before decree. To get a trial may require months or even years. By that course he compels her to wait for justice. Meanwhile, being without friends or means, she is reduced to the actual alternative of suffering for the necessaries of life, or the humiliation of a life in the poor house, while he is faring sumptuously every day. Is a court of equity, having jurisdiction of the subject-matter and the parties, without power, in such case, to afford temporary relief? Such a power, it seems to us, must necessarily be inherent in the general jurisdiction which the act confers upon the court.

In speaking of such a power in divorce suits where the statute is silent as to temporary alimony, Bishop says, "It springs necessarily from the legal relation of the parties, and the condition of facts appearing of record before the court to which the application is made. And if any one principle of our jurisprudence is more worthy of commendation than another, it is that a judicial tribunal may always be pressed to action when a case is presented which comes within established legal rule, though not within any precedent." 2 Bish. on Mar. and Div., 5th Ed., § 396.

By § 2 of the Divorce Act, R. S., 1845, it was provided that the circuit court, sitting as a court of chancery, should have jurisdiction in all cases of divorce and alimony *by that chapter allowed.* Then § 6 declared that "when *a divorce shall be granted,* it shall be lawful for the court to make such order touching the alimony and maintenance of the wife, * *

Johnson v. Johnson.

as from the circumstances of the parties and nature of the case shall be fit, reasonable, and just." There was no provision expressly authorizing temporary alimony.

In Petrie v. The People, 40 Ill. 334, temporary alimony had been allowed the wife in her suit against her husband for a divorce, under the last mentioned statute, and proceedings instituted by attachment to enforce payment. The case was taken to the Supreme Court, and the question was whether the court below, in the absence of any provision of the statute expressly authorizing it, had the power to award temporary alimony. In a very carefully prepared opinion by Chief Justice Walker, the court announced this doctrine : "Without citing further authorities, we may safely say that the general American doctrine is, that the wife may have alimony *pendente lite*, as well as money to defray the expenses of the suit, even in absence of statutory provision to that effect, up n the principle that alimony is an incident of the divorce, and that the jurisdiction of the latter necessarily includes the power to enforce such a right, as a legal attendant upon the marital relation, under the circumstances under which the parties litigant are placed."

The court there expressly recognized the doctrine which we have endeavored to establish, that the power to allow temporary alimony was necessarily included in the jurisdiction over the subject-matter of, and remedy for, reasonable support and maintenance.

We insist, however, that the doctrine applies with far more directness to a case like this at bar, than in the Petrie case. In the latter the temporary alimony was regarded as a mere incident of a divorce—another subject-matter ; and the power to allow it was held to be included in the jurisdiction of the court over that other subject-matter. In the case at bar, alimony, or support *pendente lite*, is not a mere incident of some other subject-matter, as the main object of the suit ; but it is a homogeneous, or kindred part of the main object of the suit. And we perceive no more practical difficulty in affording that species of temporary relief in this kind of case, than in divorce cases. In truth, the whole relief afforded by this

class of suits is of a temporary character. 2 Bish. on Mar. and Div., § 361. The complainant is only required to show probable grounds, for the suit. And we think that was done, within the rule, in this case. The defendant admitted the marriage and the amount allowed was very moderate. We are disinclined to interfere with the chancellor's discretion, and the order appealed from should be affirmed.

Affirmed.