CORYDON H. CAMPBELL

*v.*

SAMUEL W. LEONARD.

*Filed at Springfield March 31, 1890.*

1. SALE ON EXECUTION—*to satisfy an installment—rights in regard to remaining installments.* Where land is sold under a decree for an installment of alimony, the decree being made a lien on the land, the sale must be made subject to the lien for the installments afterward to become due. If sold not subject to such lien, the sale may be set aside on equitable terms, even after the time for redemption has expired. In this respect, section 20, chapter 40, of the Revised Statutes, so far modifies and controls the general statute relating to sales of real estate on execution as to render an absolute sale and deed voidable.

2. Where a sale of land is made for any one or more installments of alimony, which are made liens thereon, the sale must be subject to the

lien of the installments subsequently maturing, and the purchaser will then take only that interest, and, upon his purchase ripening into a title, he will hold the land subject to the lien of the decree for the unpaid and maturing installments.

3. A decree of divorce allowed the wife $400 a year for alimony, to be paid quarter-yearly, and $57 solicitor's fees, which were made a lien upon the husband's lands, and it provided that if payments were not made as required, execution should issue therefor. The solicitor's fee and two installments of alimony not having been paid, executions were issued and levied upon a tract of the husband's land, which was sold to the wife, and certificate of purchase given to her. Subsequently the wife assigned two installments to C, which not being paid, C took out executions, and redeemed the land from the prior sale, and became the purchaser for the redemption money, and the sheriff made him an absolute deed. On bill filed by the conservator of the husband, the court set aside the deed, and required C to convey to the husband upon payment of the sum paid by him, with legal interest thereon : *Held,* that there was no error in the decree requiring a reconveyance on equitable terms.

WRIT OF ERROR to the Circuit Court of Vermilion county ; the Hon. J. W. WILKIN, Judge, presiding.

Mr. J. B. MANN, for the plaintiff in error :

After the time of redemption expired, Oliver had no interest in the land which entitled him to complain of irregularities in the redemption and sale.

The assignee of a judgment is a judgment creditor, with right to redeem within fifteen months. *Sweezy* v. *Chandler*, 11 Ill. 445.

The defendant whose equity of redemption has expired can not question the regularity of the second redemption, and sale thereunder. *Massey* v. *Westcott*, 40 Ill. 160 ; *Fitch* v. *Wetherbee*, 110 id. 477.

An execution issued upon a decree for alimony has the same force and effect as one issued upon a judgment at law. *Dinet* v. *Eigenmann*, 80 Ill. 279.

Mr. W. R. LAWRENCE, and Mr. J. G. THOMPSON, for the defendant in error:

We think the statute relating to sales and redemptions under judgments and decrees does not necessarily govern this case, because a decree for alimony differs from other decrees in this, that they are not absolute, but under section 18, chapter 40, of the Revised Statute, are at all times under the control of the court, and subject to such changes and modifications as equity and good conscience may direct. *Stillman* v. *Stillman*, 99 Ill. 196; *Lennahan* v. *O'Keefe*, 107 id. 620.

The plaintiff is not in any sense an innocent purchaser. He assumed the exact position of Mrs. Oliver, as regarded the payments of the installments.

This court has allowed redemptions from judicial sales after the time fixed by the statute. *Haworth* v. *Taylor*, 108 Ill. 275; *Trotter* v. *Smith*, 59 id. 242.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

By the decree in the divorce proceeding of Melvina Oliver against Bushrod Oliver, in the circuit court of Vermilion county, the complainant was allowed alimony, in the form of a yearly allowance of $400, payable in quarterly installments of $100 each, commencing on the first day of July, 1884, and in addition thereto, her solicitors' fees in said cause, for which a decree was subsequently rendered in her favor, for the use of her solicitors, for $57. The alimony, including said solicitors' fee, was made a lien upon the lands of the defendant in said proceeding, and it was provided that if the payments were not made as required by the decree, execution should issue therefor. The solicitors' fee and the installments of alimony falling due July 1 and October 1, 1884, not having been paid, three several executions were issued, and severally levied upon the forty-five acre tract of land in controversy. On the first day of November, 1884, the sheriff,

having duly advertised said land for sale under said executions, sold said land to Mrs. Oliver, and executed to her a certificate of purchase therefor, in the usual form. Subsequently, Mrs. Oliver assigned in writing, on the margin of the record, the two installments of alimony falling due July 1 and October 1, 1885, to the plaintiff in error, Campbell. These installments were not paid when due, and Campbell, on December 15, 1885, caused executions to issue therefor, severally, and delivered the same to the sheriff, together with an amount of money sufficient to redeem said tract of land from the prior sale to Mrs. Oliver. The executions were levied the same day, and a certificate of redemption filed in the proper office. On the 9th of January, 1886, after due advertisement, the sheriff offered said land for sale under said executions, and no one bidding therefor more than the redemption money paid therefor by Campbell, the same was sold to him, and the sheriff executed and delivered a deed to Campbell for said land. This bill was filed by the defendant in error, as conservator of said Bushrod Oliver, to redeem from said sale, and to have the deed made in pursuance thereof declared void.

It will not be questioned, that if the sale made January 9, 1886, to Campbell, is governed by the statute relating to the sale of real estate upon execution generally, the sheriff proceeded, so far as shown by this record, in strict compliance with law, and there is nothing in the findings of the court that will warrant setting the sale aside as void, or permitting redemption therefrom. We are of opinion, however, that section 20, of chapter 40, of the Revised Statutes, so far modifies and controls the general statute relating to sales of real estate on execution, as to render the sale and deed to Campbell voidable. That section is as follows: "Whenever, in any case of divorce, a decree for alimony or maintenance is made a lien on any real estate to secure the payment of any money to become due by installments, and the sale of such real estate shall become necessary to satisfy any of such installments,

the property shall be sold subject to the lien of the installments not then due, unless the court shall at the time direct otherwise, and subsequent sales made, from time to time, be made to enforce such lien, as the installments may become due, until all installments are paid."

To secure the payment of the alimony the decree declared that the same should be a lien upon all the lands of the defendant in the divorce proceedings. It was competent for the court, in rendering such decree, to have directed the manner of the sale to be made to satisfy the several installments of alimony as they severally fell due, but not having done so, it would seem clear that the statute quoted must control, and if it became necessary to make sales of the land upon which the lien was declared, or any portion of it, to satisfy any installment of the alimony, such sale must be made subject to the lien of the installments not due.

The sale of the land here made was absolute, and if valid, the deed of the sheriff passed the absolute title to the land to Campbell. When the sale was made for any one or more of the installments, the sale must, as we have seen, be made subject to the lien of the maturing installments, and the purchaser would take only that interest, and upon his purchase ripening into a title, he would hold the land subject to the lien of the decree for the unpaid and maturing installments. The legislative intent is clearly manifest, not to permit, by a single sale, the title to pass beyond where the land can be applied to pay and satisfy accruing installments of alimony. The provision is unquestionably intended for the protection of both parties to the divorce proceeding. The defendant might rightfully demand that his property which had been subjected to the lien of the decree, should not be sacrificed; and the wife, in whose favor the allowance is made, that the husband, by refusing to pay an installment, might not compel an absolute sale of the property, and thereby destroy the lien created by the decree to secure the subsequent installments.

It is found that the land here sold was, at the time of the sale to Campbell, worth $2000, while it in fact sold for $427.85, and the defendant might well insist upon his right to have the sale made subject to the lien of the decree,—at least until the installments for which it was sold should equal the value of the land, and thereby release the residue of his estate from a portion of the burthen. The lien created by the statute is continuing, and was intended to be enforced for the protection of the person entitled to the alimony. If the sale be made as provided by the statute, the purchaser would acquire all the title of the defendant in the divorce proceeding, but he would take it *cum onere* the lien for the maturing installments of alimony. Any sale of the land not subject to the lien preserved by the statute would necessarily be voidable at the instance of either the husband or wife, and, being voidable, may be questioned by any person interested in the land, or in enforcing the lien of the decree thereon. Nor can the plaintiff in error derive any benefit or advantage from the fact that the first sale was made upon the three executions first mentioned, one of which was for said solicitors' fee. The sale, and the deed made thereunder, being voidable, for the reasons already stated, he acquired no title not subject to be set aside in equity.

The defendant in error having come into a court of equity to have the deed declared void, and it appearing by the redemption his debt had been paid and his estate relieved *pro tanto* from the burden of the decree, was properly required to refund to Campbell the amount paid by him, with legal interest thereon. This having been required, the court properly required a reconveyance of the land to the said Bushrod Oliver, in whose hands it will be again subject to the lien of the decree.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE WILKIN, having tried this case at circuit, took no part in its consideration in this court.