## F. R. HENDERSON

*v.*

## ROBERT H. CRAIG.

*Opinion filed April 17, 1899.*

1. JUDICIAL SALES—*minor's disability is not excluded from time for making redemption.*  A minor defendant to a suit resulting in the sale of the life estate in property in which he has the remainder, who appears in such suit by guardian *ad litem* and files an answer, cannot maintain a bill to redeem the life estate upon becoming of age, after the period of redemption has expired and the purchaser has received his deed, in the absence of any charge of fraud or error of law in the original decree.

2. SAME—*section 20 of Divorce act, concerning sale subject to alimony installments, construed.*  Section 20 of the Divorce act, (Rev. Stat. 1874, p. 422,) providing that where a decree for alimony is made a lien on real estate and a sale is necessary to satisfy the installments the property shall be sold subject to the lien of alimony installments to become due, does not apply where the court has directed the sale to be made free from such lien.

3. JUDGMENTS AND DECREES—*decree construed as directing sale free from lien of alimony installments.*  A decree of sale enforcing an alimony decree, which provides that after the defendant's life estate "has been by virtue of this decree once all sold it shall not be further subject to sale under this decree," in effect directs that such life estate shall be sold free from lien of future installments.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

This is a bill, filed on December 2, 1896, by Robert H. Craig, appellee, against Frances A. Craig, James R. Craig and F. R. Henderson, the appellant, seeking to redeem a life estate in eighty acres of land in McLean county. The present appellant, F. R. Henderson, one of the defendants below, filed an answer to which the complainant filed a replication.    Default was entered against the defendants, Frances A. Craig and James R. Craig.    The cause was referred to a master in chancery, who reported that the equities of the cause were with the complainant

and in favor of the right of the complainant to redeem in accordance with the prayer of his bill. The court below overruled exceptions to the master's report, and entered a decree granting to the appellee, the complainant below, the right to redeem the eighty acres from the sale. The present appeal is taken from the decree of the circuit court to this court by the appellant, Henderson.

The facts of the case, as stated in the pleadings and the proofs, are substantially as follows:

James R. Craig was the husband of Frances A. Craig, the latter being his second wife. He had two children by a former wife, to-wit, the appellee, Robert H. Craig, and a daughter, Della J. Craig, afterwards married to one Kibbie and named in the record as Della J. Kibbie. About May 1, 1885, James R. Craig purchased the eighty acres of ground in question from one Adam Murray. The deed, executed by Murray and his wife conveying the eighty acres of land, was executed to the two children of James R. Craig, by his former wife, to-wit, Della J. Craig and the appellee, Robert H. Craig, subject to the use and control of the eighty acres by James R. Craig during his natural life. In other words, the deed from Murray conveyed the remainder in the eighty acres to Della J. Craig and the appellee, subject to a life estate therein in the father, James R. Craig.

On November 26, 1889, Frances A. Craig filed a bill for divorce and alimony against her husband, James R. Craig. But this bill was subsequently amended, and the appellee, Robert H. Craig, and Della J. Kibbie and her husband, William Kibbie, were made parties defendant. Such proceedings were had in the divorce case, that a decree of divorce was entered in favor of Mrs. Craig; and subsequently, on March 25, 1891, a further decree was entered awarding her alimony. The latter decree found that the deed from Murray to James R. Craig's two children, subject to his life estate, was made in fraud of the marital rights of Mrs. Craig. The decree adjudged, that

the eighty acres were subject to the marital rights of
Mrs. Craig, the same as if they had been deeded to James
R. Craig in fee, and especially to support and maintain
her; and that the rights of Mrs. Kibbie and the appellee,
Robert H. Craig, were subject to the rights of Mrs. Fran-
ces A. Craig.

The decree also directed James R. Craig to pay Fran-
ces A. Craig, in addition to temporary alimony thereto-
fore ordered, the sum of four dollars a week, until the
further order of the court, and that, in default of such
payments, the master in chancery should sell sufficient
of the eighty acres to make the same and costs.

Afterwards, on January 14, 1892, Frances A. Craig
filed an original bill, setting up all the proceedings pre-
viously had in the divorce case, and alleging that therein
there had been made a mistake in the description of the
land, and asking that such mistake be cured, and that
the decree for alimony be reformed and that the land be
held subject to her marital rights, and that the decree as
reformed be enforced, as ordered in the decree entered on
March 25, 1891.

In the chancery suit, commenced by the filing of the
bill on January 14, 1892, a decree was entered on May 31,
1892.   This decree corrected the mistake in the descrip-
tion, and ordered that the eighty acres should be subject
to Mrs. Craig's marital rights the same as if said prem-
ises had been deeded to James R. Craig in fee; it found,
that there was error in the former decree in this that, in
selling said premises to satisfy said alimony, the master
in chancery should first have exhausted all interest there-
in of James R. Craig before proceeding to sell the inter-
est therein of Della J. Craig, William Kibbie, and Robert
H. Craig; that, by virtue of former decrees entered, the
sum of $338.90, including principal and interest, was due
Mrs. Craig on June 1, 1892, for alimony, and also $20.00
attorney's fees, together with interest at five per cent on
$338.90 from June 1, 1892; that James R. Craig should pay

to Frances A. Craig, commencing on June 1, 1892, the sum of $100.00 per year for her support in quarterly payments of $25.00 each. The decree ordered, that James R. Craig should pay to said Frances A. Craig within sixty days said sum of $338.90, and said solicitor's fees and the costs of suit, and also the costs of the previous divorce suit above mentioned. It also ordered that he should pay said $100.00 per year commencing on June 1, 1892, in quarterly payments of $25.00 each.

It was then ordered and adjudged by the decree of May 31, 1892, that the several sums and amounts, therein ordered to be paid by James R. Craig, and all sums that might be thereafter decreed to Mrs. Craig, should be and were thereby made a lien on said eighty acres, superior to any rights of James R. Craig and his said children therein, and said eighty acres were therein declared to be subject to such marital rights in the same, as complainant would have had if the land had been deeded to said James R. Craig in fee, instead of being deeded to Della J. Craig and Robert H. Craig subject to a life estate. It was further therein ordered that, in case of default in the payment of all or any part or portion of any of the sums of money ordered therein to be paid by James R. Craig, at the time and in the manner as therein ordered, the master in chancery should from time to time sell, freed from any right of James R. Craig and his children, the said eighty acres or so much thereof as might be sufficient to realize the amount then due Mrs. Craig at the time of the sale, including the $338.90 due for alimony, and interest thereon, and solicitor's fees, and costs. The decree, however, contained the following provisions: "*Provided, however,* that the said master in chancery first sell and exhaust all the life estate of said James R. Craig in and to said premises, and report the same to this court for approval, and no sale of the said remainder shall be made until the further order of this court: *And provided further,* that after the said life estate of said James R.

Craig has been by virtue of this decree once all sold, that it shall not be further subject to sale under this decree."

Under the decree of May 31, 1892, and on January 21, 1893, the master sold the life estate of James R. Craig in said eighty acres for $687.63 at public vendue to the appellant, F. R. Henderson. The master made report of the sale, to which objections were filed; but the court overruled the objections, one of which was inadequacy of price, and affirmed the sale. No redemption was made from the sale by any of the defendants. And thereafter, on April 23, 1894, the master conveyed to the appellant, Henderson, the life estate so sold.

F. R. HENDERSON, *pro se*, (E. M. PRINCE, of counsel):

A remainder-man cannot question the validity of a sale of a life estate. *Bozarth* v. *Largent*, 128 Ill. 96.

The right of redemption is purely statutory, and the court cannot enlarge that right. It can only exercise it in a statutory manner. *Hyman* v. *Bogue*, 135 Ill. 9; *Wooters* v. *Joseph*, 137 id. 113; *Oldfield* v. *Ebert*, 148 id. 614.

The statute will not be extended on account of sickness, mental or physical disability or lack of money. *Wallace* v. *Monroe*, 22 Ill. App. 613.

Nor does the statute allowing redemption make any exception or reservation in favor of persons under disability whose rights have been foreclosed. The Statute of Limitations does not include in any one of the items provided for in paragraph 3 the right to redeem. Rev. Stat. chap. 83, pars. 3, 9.

The word "premises," as used in the statute on redemption, does not mean the land itself, but means only the portion, estate or interest in the land that is sold. *Holbrook* v. *Debo*, 99 Ill. 381.

He who comes to redeem must show title to the equity of redemption. 20 Am. & Eng. Ency. of Law, p. 611, and note 1; *Grant* v. *Duane*, 9 Johns. 590; *Rapier* v. *G. C. P. Co.* 64 Ala. 330.

If a redemption is allowed the sale to appellant becomes void, and the title rests where it was before the sale. *Turney* v. *Young,* 22 Ill. 255.

PEIRCE & PEIRCE, (ROWELL, NEVILLE & LINDLEY, of counsel,) for appellee:

A remainder-man under a deed has the right to redeem lands conveyed thereby and mortgaged by the life tenant, although such deed has been declared fraudulent as against creditors, as such fraud does not affect the rights of the parties as between themselves. *Stevenson* v. *Edwards,* 98 Mo. 622.

The usual time after the disability (in case of infancy) has been removed will be allowed in actions to redeem. 20 Am. & Eng. Ency. of Law, p. 628, note 1.

A remainder-man is entitled to redeem from a mortgage sale of premises. 2 Jones on Mortgages, sec. 1065.

A right of redemption is vested in a remainder-man from a sale of real property. Kerr's Supp. to Wiltsie on Mortgage Foreclosure, 1582.

The owner of a portion of mortgaged premises may redeem from a sale of any part of the premises covered by the mortgage. *Lowery* v. *Byers,* 80 Ind. 443.

A remainder-man is entitled to have a receiver appointed against the life tenant who permits the estate to be sold for taxes, to receive the rents and profits and apply the same to the redemption of the land from the tax sale. *Goodman* v. *Malcom,* 48 Pac. Rep. 439.

Section 13 of chapter 57 of the Revised Statutes of 1845, of which section 18 of chapter 77 is an amendment, was held to be remedial in character and entitled to a liberal construction. *Robertson* v. *Dennis,* 20 Ill. 313.

A liberal construction is to be given to our redemption laws, so the property of the debtor may pay as many of the liabilities as possible. *Whitehead* v. *Hall,* 148 Ill. 253.

The word "premises," as used in a popular phrase, means "land." *Holbrook* v. *Debo,* 99 Ill. 381.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The present appellee, Robert H. Craig, was a minor, when the life estate of his father in the eighty acres was sold, on January 21, 1893, and did not reach the age of majority until December 7, 1895. He is the owner in fee of one undivided half of the remainder in the eighty acres, and his sister, Mrs. Kibbie, of the other undivided half thereof, subject to the life estate so sold, and purchased by the appellant. He files the present bill for the purpose of redeeming such life estate from the sale made of it by the master. After a careful examination of the record and of the briefs of counsel, we are unable to see upon what ground he is entitled to the redemption asked for. Counsel for appellee say, that the appellee was a defendant in the chancery proceeding, in which the decree of sale was entered, and that, under the statute, any defendant may, within twelve months from the sale, redeem the land sold. Counsel also say, that the appellee, as the owner of the undivided one-half of the remainder, was entitled to redeem from the sale of the life estate. We do not deem it necessary to discuss the question, whether or not he would have been entitled to redeem, as defendant, or as remainder-man, if he had taken steps to redeem within the time allowed by the statute. He was a defendant in the chancery suit; he appeared by guardian *ad litem*, and filed an answer, and also filed a cross-bill in the case. He did not redeem within twelve months after the sale. We know of no provision in any statute in relation to redemptions, which gives a minor the right to file a bill to redeem under the circumstances disclosed by this record.

The statute in regard to redemptions does not give minors a certain time, after their disabilities have ceased, to redeem from judicial sales. To hold that they have such time for redemption after disability has ceased, would,

179—26

in the absence of statutory permission to that effect, shake the validity of judicial sales and deter bidding thereat. It is common practice in this State to file bills to foreclose mortgages against the minor heirs of deceased mortgagors, who appear in such proceedings by guardians *ad litem.* But it has never been supposed, that the purchaser at such a foreclosure sale would hold his title subject to the right of the minor defendant to redeem from the sale, as soon as he should become of age, even though the statutory time for redemption had then long since passed, and a deed had been issued to such purchaser by the master. Section 85 of the Practice act provides, that a writ of error shall not be brought after the expiration of five years from the rendition of the decree or judgment complained of; but when the person complaining is an infant when the same is entered, the time of such disability shall be excluded from the computation of the five years.

After appellee became of age, he had the right to review the decree, under which his father's life estate was sold, by writ of error, and to have the same reversed if it was erroneous in any respect. He has not seen fit to take this course, but has filed an original bill to redeem from the sale long after the statutory period for redemption has expired, and after the purchaser has received his master's deed. A decree against an infant, which is absolute in the first instance, may be attacked and impeached by an original bill for fraud, or for error in law apparent upon the face of the record, at any time before the infant attains majority, or within the period after majority allowed by law for the prosecution of a writ of error for the reversal of a decree. (*Haines* v. *Hewitt,* 129 Ill. 347). But, in the case at bar, appellee does not charge in his bill, that there was any fraud in obtaining the decree, under which the life estate of his father was sold, nor has he pointed out to us any error of law apparent upon the face of the record.

Three grounds only are stated in the bill as reasons why the relief therein prayed should be granted; and these grounds are, *first*, that he was a minor, when the decree was entered and up to a period subsequent to the expiration of the time allowed by the statute for redemption; *second*, that he is a remainder-man; and *third*, that the suit, involving the question of alimony between his mother and father, was pending by appeal in this court until November 10, 1896, and that he could not determine the amount due under the decree, until the suit pending in this court was decided. It sufficiently appears from what has already been said, that the first two grounds are insufficient. The third ground is also insufficient for the reason, that the sale of the life estate was made for a fixed and specified amount, to-wit, $687.63; and the amount, for which the sale was made, together with interest thereon, was the amount necessary to be paid to redeem. The decision of the case referred to as pending in this court was not necessary to determine the amount, which should be paid to redeem. Said case, which is that of *Craig* v. *Craig*, 163 Ill. 176, shows that the question there pending arose upon a subsequent proceeding, instituted by Frances A. Craig on September 10, 1894, in which she prayed for a sale of the fee of the land for the purpose of raising an amount sufficient to pay her alimony. In this last proceeding a decree was rendered on December 11, 1894, modifying and changing the decree for alimony that had been previously rendered; and the writ of error in *Craig* v. *Craig*, *supra*, merely brought before this court for review the decree of December 11, 1894. In that case it was expressly stated, that the decree for the sale of the life estate of James R. Craig was not involved.

Appellee, however, invokes section 20 of the Divorce act which provides as follows: "Whenever, in any case of divorce, a decree for alimony or maintenance is made a lien on any real estate to secure the payment of any money to become due by installments, and a sale of such

real estate shall become necessary to satisfy any of such installments, the property shall be sold subject to the lien of the installments not then due, unless the court shall at the time direct otherwise, and subsequent sales may, from time to time, be made to enforce such lien as the installments may become due, until all installments are paid." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1454).

In construing this statute in the case of *Campbell* v. *Leonard,* 132 Ill. 232, we said (p. 236): "It was competent for the court, in rendering such decree, to have directed the manner of the sale to be made to satisfy the several installments of alimony as they severally fell due, but not having done so, it would seem clear that the statute quoted must control, and if it became necessary to make sales of the land, upon which the lien was declared, or any portion of it, to satisfy any installment of the alimony, such sale must be made subject to the lien of the installments not due. * * * If the sale be made as provided by the statute, the purchaser would acquire all the title of the defendant in the divorce proceeding, but he would take it *cum onere* the lien for the maturing installments of alimony. Any sale of the land, not subject to the lien preserved by the statute, would necessarily be voidable at the instance of either the husband or wife, and, being voidable, may be questioned by any person interested in the land, or in enforcing the lien of the decree thereon."

In view of the doctrine laid down in *Campbell* v. *Leonard, supra,* counsel for appellee say, that the life estate should have been sold subject to the lien of the future installment of alimony thereafter to become due; and that, inasmuch as it was not sold subject to such lien, the sale may be set aside on equitable terms even after the time of redemption has expired. Undoubtedly, it was held in *Campbell* v. *Leonard, supra,* that said section 20 so far modifies and controls the general statute, relating to sales of real estate on execution, as to render an ab-

solute sale and deed voidable. But section 20 provides, that the property shall be sold subject to the lien of the installments not due, "unless the court shall at the time direct otherwise." The statute thus confers upon the court, making the decree, the right to direct that a sale may be made without making the property subject to the lien of the installments not due. The reasoning in the *Campbell case* only applies to a case, where the court fails to "direct otherwise" within the meaning of the statute. Here, the decree of sale expressly orders, that the master shall first sell the life estate of James R. Craig in said premises before selling any of the remainder of the premises; and that, after the life estate has been once all sold, it shall not be further subject to sale under the decree. As we understand this part of the decree, it directs that the life estate shall not be sold subject to the lien of the subsequently accruing installments of alimony, but shall be sold without being subject thereto. There can be no other construction of the following language of the decree: *"Provided further*, that, after said life estate of said James R. Craig has been by virtue of this decree once all sold, it shall not be further subject to sale under this decree." The decree, in thus providing that it shall not be further subject to sale, necessarily directed that it shall not be sold subject to the lien of the future installments, because, if it had been sold subject to the lien of the future installments, a future sale might have been necessary to enforce such lien; and yet such future sale after the life estate has been once all sold, as it was in this case on January 21, 1893, is expressly forbidden.

In view of the considerations thus presented we have reached the conclusion, that the decree of the circuit court allowing redemption was erroneous. Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*