### Julius Starrett v. Fannie C. Starrett.

#### Gen. No. 4,755.

1. Divorce—*power of court to retain jurisdiction over question of alimony.* It is within the power of the court to enter a decree of divorce and to retain jurisdiction over the question of alimony, and to act with respect to the question of alimony

after the lapse of the term at which the decree of divorce is entered.

2. DIVORCE—*out of what property alimony may be allowed.*
Alimony may be allowed and required to be paid from property
acquired by the defendant after the entry of the decree of divorce.

3. INJUNCTION—*when propriety of, cannot be reviewed.* The
propriety of the issuance of an injunction cannot be reviewed
upon an appeal from an order pertaining solely to the allowance
of alimony.

Divorce proceeding. Appeal from the Circuit Court of LaSalle
county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard
in this court at the October term, 1906. Affirmed. Opinion filed
March 13, 1907.

FULLERTON & ELDRIDGE, for appellant; WILLIAM H.
BARNUM, of counsel.

HOWARD H. BAYNE and McDOUGALL & CHAPMAN, for
appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

On May 28, 1892, appellee filed a bill for divorce
against appellant, her husband, and had personal
service. The bill prayed for a divorce and also that
appellant pay appellee such sums of money as might
be necessary and proper for her maintenance and support, and such sums as might be sufficient to enable
her to employ counsel, and for such other and further
relief as equity might require. On July 2, 1892, there
was a hearing and a decree of divorce, the last clause
of which read as follows: "The court reserves the
consideration of the question of alimony for a further
order and decree herein." On November 14, 1904, appellee filed a petition in said cause and therein set
up said former proceedings and her own need and the
recently acquired wealth of appellant, and asked an allowance of alimony for her maintenance and a sufficient sum of money to enable her to employ counsel,
and for her support during the pendency of the suit;
and also asked an injunction restraining appellant

from selling, assigning or encumbering his property till the further order of the court. An injunction was issued. A demurrer to an amended petition was overruled, and, on appellant's motion, he was granted thirty days in which to answer. Appellee having previously entered a motion for alimony and solicitor's fees pending the suit, that motion was then heard upon proofs presented, and an order was entered on March 15, 1906, that appellant pay appellee as alimony *pendente lite* $40 on or before April 1, 1906, and $75 on the first day of each and every month thereafter until the further order of the court, and that he pay her $100 on or before April 1, 1906, for her reasonable solicitor's fees thus far incurred; and the court in the order reserved the right to hear further proof and make a further allowance for appellee's support and solicitor's fees from time to time prior to the final hearing, if the court should feel justified in so doing. This is an appeal from that order.

Section 18 of the Divorce Act is as follows: "When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; and in case the wife be complainant, to order the defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court. And the court may, on application from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." Appellant contends that under this section the court must dispose of the question of alimony when the divorce is granted. He concedes that if an allowance is so made at that time, not in gross but in instalments, the court retains jurisdiction, while both parties live,

to thereafter increase or decrease or entirely discontinue the allowance as the changing circumstances of the parties may require; but he contends that if an award of alimony is not made when the divorce is granted, or at the same term, jurisdiction over the question of alimony is at an end; and that in this case the attempt to reserve that question was a void act, and the court had no jurisdiction to entertain a motion or petition for alimony at a later term, and that this entire proceeding for alimony is *coram non judice.* We are of opinion that the settled practice in this state is otherwise. This bill asked for two branches of relief—a divorce, and an allowance for support and maintenance and for solicitor's fees. The prayer for alimony was incidental to the main relief sought. It was entirely in harmony with recognized equity practice to grant a final decree as to the main question, viz., the divorce, and to retain jurisdiction of the incidental matter of alimony till some later date and term for any reason which seemed to the court to justify that course. In Hunter v. Hunter, 100 Ill. 519, the bill by a wife prayed a divorce and also for separate maintenance. Upon a jury trial there was a verdict finding for defendant as to the cause alleged for a divorce and for complainant as to the right to a separate maintenance. The court dismissed so much of the bill as prayed for a divorce, and decreed complainant entitled to a separate maintenance, and continued the case to hear evidence as to what defendant should pay. An appeal by defendant was held prematurely taken, which meant that the court did not lose jurisdiction by postponing the matter of an allowance after entering a decree disposing of the issue as to the divorce. In Reavis v. Reavis, 1 Scam. 242, under a statute similar to section 18 above quoted, the court decreed a divorce to the husband and that alimony be allowed to the wife for the support of herself and child, and continued the cause to the next term to hear the evidence as to the amount to be allowed. This was treated as

proper practice. A decree at the next term allowing her one cent was reversed with directions to make her a reasonable annual allowance. In Craig v. Craig, 163 Ill. 176, a wife obtained a divorce at one term of court, and in the decree the question of alimony was reserved for a further hearing, and a decree on that subject was entered more than a year later. Still later another decree corrected the description of land on which she was given a lien, and the amount of the instalments was reduced. Thereafter another decree was entered to enforce collection of certain unpaid instalments, and terminating the alimony with payment thereof. Complainant appealed from the last order. It was held that the former proceedings were not brought before the court by the appeal. Yet this was a tacit approval of the course pursued at the entry of the decree of divorce in reserving the question of alimony till another hearing at a later term, for if appellant's position here is sound everything done after the term at which the divorce was granted was without jurisdiction; but the Supreme Court treated the case as if there had been jurisdiction to award alimony at a later term; and that allowance was so treated in the later case of Henderson v. Craig, 179 Ill. 395, and Henderson v. Kibbie, 211 Ill. 556, where the same allowance of alimony was further involved. Galusha v. Galusha, 138 N. Y. 281.

This is not a new suit, but is a part of the original proceedings for divorce and alimony, and all the provisions of our statute relating to divorce, including section 15, which authorizes the allowance of temporary alimony and solicitor's fees while the suit is pending, are applicable.

Appellant argues that appellee has been guilty of such laches as should prevent a hearing now on the question of alimony. If appellant desired an earlier hearing, he should have asked the court to set down for hearing the question reserved. He did not do so. The case has remained pending in court. The reason

why appellee delayed is explained. When the divorce was granted appellant had no property out of which she could enforce payment of alimony. She made inquiries every six months in Chicago, where he lived, to see if she could collect alimony, and got no favorable reply. The income from a large property was given to him by the will of his second wife. Appellee immediately brought the matter to the attention of the court. No laches is shown which should relieve appellant of the duty to pay alimony, if a proper case therefor is made upon the hearing of the petition. Appellant contends that if the application for alimony had been pressed when the divorce was granted, it would have been denied because of appellant's lack of property. On the contrary, it may be it would have been granted in such sum as appellant could reasonably earn for her if he went to work, or it may be it would have been fixed at a nominal sum, or that after determining that appellee was entitled to alimony the court would have reserved the order fixing the amount till the circumstances of appellant had improved.

Appellant contends that alimony cannot be allowed out of after acquired property. The contrary is implied in many Illinois decisions. In Cole v. Cole, 142 Ill. 19, the court, on page 27, speaking of a wife who had obtained a decree for divorce and alimony, said: "If she subsequently acquires property, so that her means increase, or the faculties of the husband diminish, there may be a decrease of alimony. So, on the other hand, if the wife's wants and necessities increase and the ability of the husband to pay be increased, there may likewise be an appropriate exercise of the power of the court in the increase of the allowance." An increase in the husband's ability to pay means his acquisition of property after the divorce. The statement by the court in Welty v. Welty, 195 Ill. 335, and in many other cases, that a decree for alimony in instalments is subject to modification according to the varying circumstances of the parties, includes the

case of the husband acquiring a larger property after
the decree and becoming more able to supply the needs
of his wife. The cases of Graves v. Graves, 108 Mass.
314, and Cox v. Cox, 20 Ohio St. 439, hold that prop-
erty acquired by the husband since the original decree
may be taken into consideration in making any order
respecting alimony; and in Foote v. Foote, 22 Ill. 425,
it is said that the right to consider the future earnings
of the husband by manual labor may also be consid-
ered. It is to be remembered that appellee has been
granted a divorce from appellant, and that the decree
dissolving the marriage relation for appellant's mis-
conduct did not absolve appellant from his duty to sup-
port his wife, when she was needy and he was able.

Finally, it is said appellee's mother is able to care
for her. As suggested in Shaffner v. Shaffner, 212
Ill. 492, such assistance as her mother may voluntarily
donate to appellee, does not affect the duty resting
upon appellant to discharge his obligation to provide
for the support of his wife according to his means and
her needs.

As we consider that this is a part of the original
suit still pending, and that the provisions of the stat-
ute for temporary support and solicitor's fees
*pendente lite* still apply to this case, it follows that
the court had power to make such an order as that ap-
pealed from. We do not understand appellant to con-
tend that the temporary allowance is excessive, if
the court had jurisdiction to make any such order and
to consider appellant's recently acquired property.
We therefore have not examined into the amount of
the allowance further than to see that appellant has
the income from a large estate, and that appellee
appears to be in great need, owing to her lack of prop-
erty, to her serious ill health, and to heavy bills in-
curred by her at a hospital and not paid. One assign-
ment of error relates to the injunction, but the appeal
is only from the order for the payment of temporary
alimony and solicitor's fees, and the injunction was not

involved in that order, and therefore is not brought before us by this appeal.

Since the preparation of the foregoing opinion Zilpha Osman has suggested the death of appellee and that she is administratrix of appellee's estate, and has asked to be substituted as appellee. Appellant has filed a consent to such substitution. An order will be entered substituting Zilpha Osman, administratrix of the estate of Fannie C. Starrett, deceased, as the appellee, and the order appealed from will be affirmed.

*Affirmed.*