## Sophia Karcher, Defendant in Error, v. Joseph F. Karcher, Plaintiff in Error.

### Gen. No. 22,643.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL and Hon. JOHN M. O'CONNOR, Judges, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Suit by Sophia Karcher, complainant, against Joseph F. Karcher, defendant, for divorce and alimony and solicitor's fees. From a decree for alimony rendered at a term of the court subsequent to the term at which a decree of divorce was rendered, defendant brings error.

BENNISON F. BARTEL, for plaintiff in error.

WILLIAM C. HARTRAY and C. HELMER JOHNSON, for defendant in error; ARTHUR H. CHETLAIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 22*—*when court has jurisdiction to adjudicate right of wife to alimony.* No jurisdiction to award alimony in a decree for divorce exists on service of summons against the husband by publication, but where the decree for divorce in such suit reserved the question of alimony for the future consideration of the court, and the court thereafter by service of process or entry of appearance secured jurisdiction of the husband *in personam,* *held* that the court might proceed to adjudicate the right of the wife to alimony and in the usual way to enforce its payment at a term subsequent to that at which the decree of divorce was entered.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. DIVORCE, § 64*—*when defendant estopped from questioning jurisdictional validity of alimony decree.* Where a defendant in a suit for divorce in which a decree for divorce was entered on service by publication was at a subsequent term served with process, on a petition for alimony, and after a decree awarding alimony entered his appearance and secured a reduction thereof, *held* that he would be estopped from disputing the jurisdictional validity of such alimony decree.