# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1918.

---

### Ruth Soper Darnell, Appellant, v. James Morrison Darnell, Appellee.

### Gen. No. 23,987.

DIVORCE, § 68*—*when foreign decree no bar to decree for separate maintenance and support of child.* Where a divorce has been granted in another State to the wife on substituted service, the defendant not having personally appeared, and the decree did not consider the question of alimony, the defendant having no property in the State, but expressly reserved the question for consideration by any court having jurisdiction, the complainant may afterwards sue in Illinois, where the defendant resides and has property, and obtain a decree for the support and maintenance of herself and infant child.

Appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded with directions. Opinion filed December 4, 1918. Rehearing denied December 17, 1918.

LEACH & LEACH and PAYNE & PAYNE, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

RICHARD J. COONEY and JOHN A. VERHOEVEN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Ruth Soper Darnell, on February 26, 1915, filed her bill of complaint against James Morrison Darnell, in the Circuit Court of Cook county, praying that a decree be entered requiring the defendant to make suitable provision for the support of the complainant and the minor child of the parties, and that she be awarded the care, custody and education of the child. The defendant was served with process, entered his appearance, and answered the bill. More than 2 years afterwards, July 5, 1917, upon notice given, leave was given the complainant to file an amended bill, and defendant ruled to answer. The amended bill was filed on that date. Afterwards, by leave of court, the amended bill was amended. To this the defendant interposed a demurrer, which was sustained and the bill dismissed for want of equity.

The bill as amended set up, in substance, the proceedings in the original bill for separate maintenance; that afterwards the complainant filed her bill in the District Court of Steele county, Minnesota, a court of general jurisdiction, against the defendant, praying for a decree of divorce, and for support and maintenance of herself and child, and for the care, custody and education of the child; that in that case the defendant was served with process while in the federal prison at Leavenworth, Kansas, he having been sentenced on May 20, 1915, by the United States District Court, sitting in Milwaukee, Wisconsin, for a term of 3 years; that a decree was entered by the Minnesota court awarding complainant a divorce from the defendant, and the care, custody and education of the child; that the child was born on July 19, 1914. It was further averred that no alimony, support or maintenance was

decreed by the Minnesota court, but that the question of alimony, maintenance and support was specifically reserved for the Circuit Court of Cook county, Illinois, or such other court as should have jurisdiction; that this was done for the reason that the defendant had no property in the State of Minnesota out of which an allowance could be made, and that the service was substituted service, and defendant had not entered his appearance in that court, and therefore that court had no jurisdiction to award alimony.   The bill further alleged that complainant had supported herself and child since the child's birth, and that the defendant had contributed nothing to their support; that complainant was without property or means of sustenance except what she might earn by her own labor; that defendant was amply able to support complainant and the child; that he owned certain real estate in Illinois, valued at more than $10,000, and that defendant was a resident of Illinois.   The prayer of the bill was that the defendant be enjoined from selling or incumbering the property, and that he be decreed to pay to the complainant an amount sufficient to support her and the child, and for suit money.

Neither party has complained of the decree of divorce, nor the custody of the child as awarded by the Minnesota court, but the sole question is:   Where a divorce has been granted to the wife on substituted service, the defendant not having personally appeared, and the decree of that court not having considered the question of alimony, but expressly reserved the same for future consideration by any court having jurisdiction, can the complainant afterwards institute suit in Illinois, where the defendant resides and has property, and obtain a decree for the support and maintenance of herself and infant child?   This question has never been squarely passed upon in this State.

Appellee contends that in this State the question of alimony is restricted to the divorce suit and cannot

be granted in any other action; that, under the statute and decisions of the courts of this State, alimony is not allowable where the bill is filed for that purpose alone, and as complainant's bill is filed for that purpose alone, it was properly dismissed for want of equity. In support of this he cites *Karcher v. Karcher,* 204 Ill. App. 210; *Trotter v. Trotter,* 77 Ill. 510; *Ross v. Ross,* 69 Ill. 569; *Petrie v. People,* 40 Ill. 334; *Eldred v. Eldred,* 62 Neb. 613.

In the *Karcher* case, *supra,* the wife, a resident of Illinois, obtained a divorce from her husband who had temporarily gone to Mexico. The service was by publication. The husband did not appear. The court in the decree reserved the question of alimony for future consideration. Afterwards the former husband returned to Illinois, and the former wife upon leave of court filed a petition in the same suit, asking that the former husband be required to pay her alimony. Summons was issued and served on the defendant. He answered the petition, and, after hearing, a decree awarding alimony was entered. There was no question in that case as to whether a proceeding, separate and distinct from the divorce suit, would lie, but the sole question was whether the former wife was entitled to alimony at all. If, as was held in that case, the former wife was entitled to alimony, we think no different rule should be announced in the instant case, because the decree of divorce was entered in Minnesota and not in Illinois.

*Trotter v. Trotter, supra,* was a suit by the wife against her husband for separate maintenance, and it was held that since the statute of this State on separate maintenance had been repealed, the bill would not lie. In that case the parties were not divorced, and none was sought.

In the *Ross* case, *supra,* it was held that under the separate maintenance statute, the wife could maintain a bill against her husband for an allowance, if she was

living separate and apart from him without her fault. It is plain that the question before us was in no way involved.

In *Petrie v. People, supra,* the wife filed a bill for divorce against her husband, also a petition asking for alimony *pendente lite,* which was allowed. The alimony not having been paid, the defendant was attached for contempt of court. He moved to quash the attachment,. and for discharge, on the ground that the court erred in allowing temporary alimony. His motion was overruled, and this was affirmed by the Supreme Court.

In the *Eldred* case, *supra,* it was held by the Supreme Court of Nebraska that a decree of divorce obtained by the wife on service by publication without appearance of the defendant in a foreign court was a bar to an action for alimony in Nebraska, awarded out of the defendant's property in that State. This case has been expressly overruled in the case of *Bodie v. Bates,* 95 Neb. 757.

Alimony, in a general sense, means the allowance required by law out of the husband's estate for the support of his wife. It is an allowance based upon the common-law obligation of the husband to support his wife, which is not removed by a divorce obtained for his misconduct. 14 Cyc. 742, 743; *Adams v. Storey,* 135 Ill. 448; *Stillman v. Stillman,* 99 Ill. 196.

In 1 Encyc. Pl. & Pr. 415, it is said: "In general, it may be said that if the divorce is *ex parte,* a decree for alimony may be subsequently rendered on the wife's application to the courts of her husband's jurisdiction, or those of her own, if he can be found there and personally served."

This same rule is also stated in 2 Bishop on Marriage, Divorce and Separation, sec. 844. The author there says: "We have seen that a nondomiciled husband against whom his wife has obtained an *ex parte* divorce, he not having received actual notice within the State, and not having appeared, cannot be subjected

to a decree for alimony. But the *ex parte* divorce is always a dissolution, there being no practical occasion for an *ex parte* separation from bed and board, wherein the decree for alimony is impossible. Hereupon, should the statutes create in the divorced husband a general duty to support his late wife, doubtless she might apply with effect to the proper court for alimony from the man from whom she had obtained such dissolution, in the State of his jurisdiction, or on finding him within her own. On the other hand, the statute might be in terms to exclude this right." There is nothing in the statutes of this State that would in any way relieve the late husband of his obligation to support his former wife, where a divorce is rendered against him. On the contrary, this obligation is expressly recognized as continuing after divorce. Section 18, ch. 40, Rev. St. (J. & A. ¶ 4233). And it is the universal practice under this statute to require the late husband to support his former wife.

Some authorities hold that after a decree of divorce is granted and no provision is made for alimony, no alimony will be afterwards allowed, on the theory that the matter is *res judicata*. In discussing this question, Nelson on Divorce and Separation, vol. 2, p. 895, says: "Under the principle of *res judicata* it would seem that if the wife had no opportunity to be heard, and could make no application for alimony, and the court did not pass upon the question, or had no jurisdiction to award alimony, the *ex parte* decree of divorce should not be a bar to her subsequent proceedings for alimony. It may be urged that the decree of divorce dissolved the marriage relation and there is no longer a husband and wife and no liability on the part of the man to support his former wife. But in answer to this it may be said that when a man obtains a divorce he thereupon becomes liable for permanent maintenance of his former wife as fixed by the court. If the court granting the divorce does not fix the amount of his liability,

has he escaped all liability? Are the rights of the wife
to be determined without her 'day in court'? What
remedy has she if an *ex parte* divorce is a bar to a
subsequent application for alimony? The *ex parte*
decree of divorce is in no sense an adjudication of her
right to alimony.  *   *   *   The jurisdiction of the
court was limited to the *res,* the status of the husband,
and so far is valid as a dissolution of the marriage.
*   *   *   *   In conformity with the above doctrine it
is held in Minnesota that 'The question of alimony is
not *res adjudicata* by reason of a judgment of divorce
in the proceeding *in rem.*  *   *   *   That judgment
establishes nothing except that the marriage relation
has been condemned and destroyed by a judgment of
divorce; all other questions are *res nova.'"*  Citing
*Thurston v. Thurston,* 58 Minn. 279. To the same ef-
fect is 1 R. C. L., par. 84, p. 937.

In *Cowls v. Cowls,* 8 Ill. 435, it was held that where
a wife had been divorced from her husband, but no
provision made in the decree in relation to the custody
or maintenance of the children, who were with their
father, the former wife could afterwards maintain an
independent bill in chancery for the custody and sup-
port of the children. The court, after quoting from
Story's Equity Jurisprudence, sec. 1341, said (438):
"It becomes clear, then, that our legislature, by pro-
viding that 'when a divorce shall be decreed, it shall
and may be lawful for the court to make such order
touching the alimony and maintenance of the wife, the
care, custody and support of the children, or any of
them, as from the circumstances of the parties and the
nature of the case shall be fit, reasonable and just,'
has conferred no new authority or jurisdiction upon
the court. It was by its original jurisdiction clothed
with the same powers before." If, as held in that case
under the statute and under the unwritten law, a di-
vorced wife could maintain an independent proceeding
against her former husband for the support and cus-

tody of their children, it would seem to necessarily follow that a divorced wife could also maintain an independent proceeding against her former husband for alimony for herself and child, where such question was incapable of being determined in the divorce suit, since the statute mentions the alimony for the support of the wife in the same sentence with the care, custody and support of the children.

In the instant case, since the Minnesota court had no jurisdiction to award alimony, and since that question was expressly reserved for the courts of this State, or for any court obtaining jurisdiction, the question of alimony was in no way determined. And if a decree had been entered under the same circumstances in this State, under the doctrine of the *Karcher* and *Cowls* cases, *supra,* alimony could subsequently be allowed. We think that the fact that the decree was entered in Minnesota should make no difference. It follows, therefore, that the demurrer was improperly sustained and the bill dismissed.

The decree of the Circuit Court of Cook county is therefore reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*