**Rosine Holmes Kelley, Defendant in Error, v. Clark Mansur Kelley, Plaintiff in Error.**

### Gen. No. 28,652.

1. DIVORCE—*necessity of personal service to sustain alimony order.* Where the defendant in a suit for divorce is served only by publication and he is defaulted for want of appearance, any decree against him, as far as alimony is concerned, is void.

2. DIVORCE—*reservation by decree of alimony questions.* Where the Chancellor hearing a suit for divorce considered the subject and undertook to allow alimony but such allowance was ineffective because there had been no personal service on defendant, it cannot be considered that the subject of alimony was reserved and the court had no jurisdiction, as far as that suit was concerned, subsequently to make an order concerning alimony.

Error by defendant to the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding. Heard in the third division of this court for the first district at the April term, 1923. Reversed. Opinion filed June 11, 1924. Rehearing denied June 24, 1924.

CAVENDER & KAISER, for plaintiff in error.

CHARLES E. ERBSTEIN and JOHN B. FRUCHTL, for defendant in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This cause comes to this court upon a transfer from the Supreme Court.

On January 18, 1922, the complainant Rosine Holmes Kelley, filed a bill for divorce in the superior court, charging the defendant, Clark Mansur Kelley, her husband, with extreme and repeated cruelty, and praying for a decree of divorce, the custody of their minor child, for "a sufficient sum of money for her support and maintenance, and of the minor child" and for suit money for the support of herself and child, *pendente lite.*

Summons was issued and returned "not found" and the defendant was then duly served by publication.

On May 16, 1922, a decree was entered granting the complainant a divorce. It contained the following: "It is further ordered, adjudged and decreed that the complainant be, and she is hereby awarded the sum of Twelve Dollars and Fifty Cents per week for the support of the child of the parties hereto, and the sum of Fifty Dollars for her solicitor's fees incurred in this case, and the defendant is hereby ordered and adjudged to pay to the complainant the said sum of Twelve and One-half Dollars per week, the first payment to be made upon the date of this decree, and a like sum on each and every week thereafter until the further order of this Court, and the sum of Fifty Dollars as hereinabove fixed, within 30 days from the date hereof."

On December 4, 1922, the complainant filed a petition in the same case, in the superior court, setting forth the filing of her original bill, service of summons by publication, the entry of the decree of May 16, 1922, in the absence of the defendant, *pro confesso.* The petition further represented that by the decree the petitioner was awarded $12.50 a week for the support of herself and minor child and fifty dollars solicitor's fees; that the defendant had failed to pay any of the amounts; that the provisions of the decree

as to them proved unenforceable as the court did not, at the time the decree was entered, have personal jurisdiction of the defendant. It further represented that at the time of the filing of the petition, the defendant was at work in Chicago and in receipt of a large income; that she is without any means of support; and that he is now within the jurisdiction of the court and can be served with summons. The petitioner requests that he show cause why the complainant should not have the relief she asks, and that he be decreed to pay her "as heretofore prayed in said bill, such sums of money for her support and maintenance" and for the child's support and solicitor's fees and costs as to the court may seem proper, and that a summons be issued commanding the defendant to appear on the first day of the next term of the court.

On January 3, 1923, the defendant, as respondent, filed an answer. He, therein, admitted that the decree for divorce was entered on May 16, 1922; that he was served by publication; and that by the terms of the decree, "An order for alimony and solicitor's fees, to be paid by this respondent, was fixed by the court," but he charges that the decree "did not reserve the right to fix, adjust or determine alimony, if any, due to the complainant * * * and that the court was without jurisdiction to award any alimony or solicitor's fees to the complainant, upon the hearing of said case;" and denies that the court has any jurisdiction to hear the petition, or that the court has any authority to enter an order for solicitor's fees, alimony or court costs against him, the respondent. In his answer he represents, further, that without an order of court, he has paid the petitioner five dollars a week for the support of the minor child.

On January 23, 1923, there was a hearing on the petition and answer, and evidence taken. The latter, which was the testimony of the petitioner and respondent, showed that he was employed as a sales manager and secretary for a brokerage concern, and

had been for six weeks, and got $35.00 a week, $10 of which was to cover his expenses calling on the trade; that he had no other income, and that he lived with his father. The evidence showed that the petitioner had no means and no source of income.

On January 23, 1923, the Chancellor entered an order containing a recitation of findings covering the history of the case, and decreed that the respondent pay to the petitioner $12.50 per week as alimony for herself and the child, beginning January 20, 1923, and every week thereafter until the further order of the court. Solicitor's fees were awarded in the sum of $75.00.

On behalf of the defendant—respondent to the petition—the decree was objected to (1) on the ground that the court was without jurisdiction; (2) that sections 15 and 18, Chapter 40, Hurd's Statutes (1921), in so far as they authorize the recovery of alimony or solicitor's fees after entry of a final order of divorce upon service by publication, are unconstitutional; and (3) that the decree of the court violates the Bill of Rights and the Fourteenth Amendment. Concerning 2 and 3 we have no jurisdiction.

It is contended by counsel for the defendant, as regards the decree of May 16, 1922, that the court had no jurisdiction of the person of the defendant that would authorize a money decree or decree *in personam* against him. In *Proctor v. Proctor*, 215 Ill. 275, where the plaintiff obtained a decree for divorce —the defendant having been served by a copy of the bill, and defaulted for want of an appearance, and the bill being taken *pro confesso*—the court said, "In so far as the proceeding at bar related to the marital relation and its dissolution the proceeding is regarded as one *in rem*, and the court was warranted in entering its decree dissolving the same. But the court could go no farther. It could not enter any binding decree *in personam* against plaintiff in error." Citing, 2 Black on Judgments, Sec. 933; 9 Am. & Eng. Ency.

of Law (2 Ed.) 745; *Rigney v. Rigney*, 127 N. Y. 413; *Pennoyer v. Neff*, 95 U. S. 727.

The principal involved in the *Proctor* case (*supra*), was recognized in *Cox v. Cox*, 192 Ill. App. 286. And in *Williams v. Williams*, 221 Ill. 541, where one partner sued another, and there was service only by copy of the bill, the court affirmed a decree in so far as it affected partnership property in this state, but said that the Chancellor "was powerless to enter a personal decree against the defendant." Citing *Cloyd v. Trotter*, 118 Ill. 391.

It is the law, therefore, that, where a defendant is served only by publication and he is defaulted for want of appearance, any decree against him, as far as alimony is concerned, is void.

When the plaintiff, on December 4, 1922, long after term time, petitioned the court in the same proceedings for an allowance for alimony, solicitor's fees, and suit money, did the court have the right to take jurisdiction, hear evidence, and enter a decree on January 23, 1923, in the petitioner's favor?

As the term in which the original decree was entered had expired, it follows that whether the complainant had the right depends upon the statute and the construction of it by the courts. Section 15, Ch. 40 of Cahill's Ill. Rev. Stat. 1923, is as follows:

"In all cases of divorce the court may require the husband to pay to the wife, or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and in every suit for a divorce, the wife, when it is just and and equitable, shall be entitled to alimony during the pendency of the suit."

Section 18 [Cahill's Ill. St. ch. 40, ¶ 19] of the same chapter is as follows:

"When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit,

reasonable and just; and in case the wife be complainant, to order the defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court. And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

It will be observed that that section provides that the order concerning alimony shall be made when and at the time the "divorce shall be decreed." Those words give the court authority, and specify the time when it shall be exercised. And the last sentence in Sec. 18 [Cahill's Ill. St. ch. 40, ¶ 19], provides that the court may make alterations in the allowance of alimony from time to time. Those words limit the court in its authority to make alterations in the allowance of alimony. They, therefore, presuppose a prior allowance of alimony. To provide for alterations in that which did not exist would be illogical. It would seem, therefore, that a petition for alimony, filed after the expiration of the term at which the decree for divorce had been granted, would not be considered as an application "to make alterations in the allowance of alimony."

There are decisions which hold that, where in the original decree for divorce it is provided that the consideration of the subject of alimony is reserved, independent proceedings may be inaugurated, even after the expiration of the term at which the original decree was entered, for the determination and assessment of alimony.

In *Starrett v. Starrett*, 132 Ill. App. 314, which was a divorce suit where there had been personal service, and a decree for divorce, which reserved the consideration of the question of alimony for a further order and decree therein, the court said, in passing upon a

petition for alimony, and in sustaining the jurisdiction of the Chancellor to entertain the petition, "The prayer for alimony was incidental to the main relief sought. It was entirely in harmony with recognized equity practice to grant a final decree as to the main question, viz., the divorce, and to retain jurisdiction of the incidental matter of alimony till some later date and term for any reason which seemed to the court to justify that course." Citing *Hunter v. Hunter,* 100 Ill. 519; *Reavis v. Reavis,* 1 Scam. 242; *Craig v. Craig,* 163 Ill. 176; *Henderson v. Craig,* 179 Ill. 395; *Henderson v. Kibbie,* 211 Ill. 556, and *Galusha v. Galusha,* 138 N. Y. 281.

In the *Reavis* case, (*supra*), when the decree was entered the cause was continued to the next term, and then the question of alimony was considered. In the *Craig* case, *supra,* also, jurisdiction was retained by the terms of the decree.

Counsel for the complainant cite *Karcher v. Karcher,* 204 Ill. App. 210, and *Darnell v. Darnell,* 212 Ill. App. 601. In the *Karcher* case, where there was a decree for divorce without personal service, the decree especially reserved the question of alimony "for the future consideration of the court." In the *Darnell* case, (*supra*), where a bill was filed in the circuit court of Cook county, reciting that a divorce, upon constructive service had been obtained in the State of Minnesota, and that the foreign decree recited that the question of alimony was specifically reserved for consideration by the circuit court of Cook county, it was held that the latter court had jurisdiction in an independent proceeding to determine and allow alimony. In the latter case, the jurisdiction of a court to allow alimony was elaborately considered. In the instant case the complainant asked for alimony in her original bill of complaint. The Chancellor considered the subject and undertook to allow alimony, but what he did on that subject turned out to be of no practical

benefit to her, as the law did not permit it, there being no personal service on the husband.

The question, therefore, arises whether we are entitled to consider that the subject of alimony at the time the decree was entered may be considered as having been reserved.

That question we feel constrained to answer in the negative. It cannot be said with reason that where a Chancellor affirmatively makes an order which is a nullity, that, nevertheless, it may be inferred that jurisdiction of its subject matter is reserved, and that at some future time, after the expiration of the term, he may, upon petition in the original suit, again take jurisdiction of the matter involved in the void order. Our practice recognizes no such proceedings. When the term ended, the adjudication became fixed. In the instant case, no independent proceeding was instituted as in the *Darnell* case.

No jurisdiction being retained or reserved, the petitioner was barred, as far as that suit was concerned. Of course, there was nothing in the way of her instituting independent proceedings, and having the subject of alimony passed upon.

The decree, therefore, will be reversed.

*Reversed.*

THOMSON, J. concurs.

O'CONNOR, J. dissents.