Nellie ·Farris, formerly Nellie Kiriazis, Appellant, v. Marcus L. Kiriazis, Appellee.

Gen. No. 43,681.

·Opinion filed June 28, 1946. Rehearing denied July 11, 1946. Released ·for publication July 13, 1946.

EDWARD L. S. ARKEMA, of Chicago, for appellant.

·JOSEPH ROLNICK and DAVID B. SHAPIRO, both of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Nellie Farris, formerly Nellie Kiriazis, plaintiff, and Marcus L. Kiriazis, defendant, were married February 22, 1928, and lived together as husband and wife until October 27, 1943. On May 9, 1945, plaintiff filed

a complaint for divorce charging defendant with desertion and praying that she be awarded temporary alimony, solicitor's fees, and suit money, and that she be given leave to resume her maiden name of Nellie Farris. Defendant filed his appearance *pro se* and consented to an immediate default and hearing. On June 11, 1945, Judge HAAS heard evidence in the cause and entered a decree finding that defendant had wilfully deserted plaintiff as charged and decreed "that the bonds of matrimony heretofore existing between [the parties] . . . is hereby dissolved . . . ." The decree contains also the following: "*It is further ordered, adjudged and decreed that the question of alimony and support for said plaintiff is hereby reserved until the further order of the court.*" (Italics ours.) On October 24, 1945, plaintiff filed the following petition:

"Petitioner, Nellie Farris, respectfully alleges:

"1. That she was the plaintiff in the above entitled proceedings wherein a decree for divorce was entered June 11, 1945, on her complaint.

"2. That at the time the said hearing on plaintiff's complaint for divorce was set by stipulation of the parties, that according to the terms of the stipulation the defendant was to make payments for support of the plaintiff voluntarily, and it was orally agreed that the payments would continue in the same amount, to wit: Fifteen Dollars per week, as had been paid by the defendant for a period of about two years, and that subsequent to the decree, which was entered June 11, 1945, the said defendant continued to make payment in the sum of Fifteen Dollars per week for a period of four weeks, and since said time has been making payments in the sum of Ten Dollars per week, and although repeatedly requested by this petitioner and her attorney, and although said defendant is well

able to make payment in the sum of Fifteen Dollars per week, he has neglected and refused so to do.

"3. That petitioner is unemployed and has no income or separate property from which petitioner may derive an income, and that at the present time petitioner is physically unable to secure employment and is under the care of a physician.

"4. That defendant and this petitioner had been married for a period of seventeen years, and lived together as man and wife for a period of fifteen years, said defendant prior to the decree of divorce having separated himself from this petitioner for a period of two years.

"Wherefore petitioner prays that an order be entered requiring the defendant to pay to this petitioner the sum of Fifteen Dollars per week for her support, and a reasonable sum for her solicitor's fees."

On the same day the following appearance was filed by Joseph Rolnick, "Attorney for Defendant": "I hereby enter the special and limited appearance of Marcus L. Kiriazis, defendant in the above-entitled cause, and my special and limited appearance as his attorney for the sole and only purpose of questioning the jurisdiction of the Court to enter any order upon defendant for plaintiff's support and plaintiff's solicitor's fees, as prayed for in plaintiff's petition."

The chancellor, Judge PADDEN, after arguments heard, entered an order which recites, *inter alia,* the following: ". . . the court finds that the reservation in decree heretofore entered in this case as to alimony does not confer the right on this court to award alimony now. It Is Hereby Ordered that said petition of plaintiff for alimony and additional solicitor's fees be and the same is hereby denied and said petition be and the same is hereby dismissed for want of jurisdiction to award alimony now." Plaintiff appeals.

Plaintiff contends:

"I.

"When the decree of divorce was entered providing that 'the question of alimony and support for said plaintiff' be reserved 'until the further order of Court,' the power and jurisdiction of the Court as a matter of law and fact had not been exhausted. . . .

"II.

"The general rule has long been established that after a marriage has been, by decree, dissolved, an application for alimony will be denied on the theory that the judgment is final and the Court has no jurisdiction except in two instances, (1) where the right or power has been reserved to itself by the decree, or (2) the power given to it by statute. . . .

"III.

"The trial Court erred in denying and dismissing plaintiff's petition for alimony and solicitor's fees for want of jurisdiction on the grounds that 'the reservation in the decree as to alimony did not confer the right on this Court to award alimony now.' . . ."

Defendant contends:

"I.

"The jurisdiction of a court hearing divorce matters depends entirely on the grant of the statute and not upon its general equity powers. . . .

"II.

"A court entering a divorce decree has no statutory power to reserve in such decree, the question of alimony and support for a divorced wife. There being no order of allowance of alimony in the divorce decree, the trial court had no jurisdiction to entertain a petition for an original allowance for such divorced wife, after the term at which the decree was entered had gone by. . . ."

As to the general rule upon the question before us:

In 27 C. J. S. Divorce Sec. 231, the author states (p. 947): "Alimony may be granted after a decree

of divorce, *if the right to have it subsequently determined is reserved therein,* provided application therefor is made before the action has become stale.'' (Italics ours.)   The author cites decisions from ten states in support of the above rule.

In 1 Encyc. Pl. & Pr. 414, the author of the article "Alimony" states: "The grant of alimony being a mere incident to a suit for divorce, it follows that if the application for alimony is made after the marriage has been wholly dissolved it will be denied, a final judgment being held to settle all property rights between the parties.   The rule is that where by leave of court a suit has been once dismissed, or a final decree entered, the court has no longer jurisdiction over the subject-matter of the action, or over the parties, *unless this right has been reserved to itself by the decree or by statute.*'' (Italics ours.)

The leading Illinois case upon the question before us is *Starrett v. Starrett,* 132 Ill. App. 314, where the opinion was written by Justice DIBELL, one of the most distinguished and able jurists in the history of this State. We regard that case as so important in the determination of the question before us that we quote at some length from it (pp. 315, 316, 317, 318):

"On May 28, 1892, appellee filed a bill for divorce against appellant, her husband, and had personal service.   The bill prayed for a divorce and also that appellant pay appellee such sums of money as might be necessary and proper for her maintenance and support, and such sums as might be sufficient to enable her to employ counsel, and for such other and further relief as equity might require.   On July 2, 1892, there was a hearing and a decree of divorce, the last clause of which read as follows: 'The court reserves the consideration of the question of alimony for a further order and decree herein.'   On November 14, 1904, appellee filed a petition in said cause and therein set up said former proceedings and her own need and the recently ac-

quired wealth of appellant, and asked an allowance of alimony for her maintenance and a sufficient sum of money to enable her to employ counsel, and for her support during the pendency of the suit; and also asked an injunction restraining appellant from selling, assigning or encumbering his property till the further order of the court. An injunction was issued. A demurrer to an amended petition was overruled, and, on appellant's motion, he was granted thirty days in which to answer. Appellee having previously entered a motion for alimony and solicitor's fees pending the suit, that motion was then heard upon proofs presented, and an order was entered on March 15, 1906, that appellant pay appellee as alimony *pendente lite* $40 on or before April 1, 1906, and $75 on the first day of each and every month thereafter until the further order of the court, and that he pay her $100 on or before April 1, 1906, for her reasonable solicitor's fees thus far incurred; and the court in the order reserved the right to hear further proof and make a further allowance for appellee's support and solicitor's fees from time to time prior to the final hearing, if the court should feel justified in so doing. This is an appeal from that order.

"Section 18 of the Divorce Act is as follows: 'When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just; and in case the wife be complainant, to order the defendant to give reasonable security for such alimony and maintenance, or may enforce the payment of such alimony and maintenance in any other manner consistent with the rules and practice of the court. And the court may, on application from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the chil-

dren, as shall appear reasonable and proper.' Appellant contends that under this section the court must dispose of the question of alimony when the divorce is granted. He concedes that if an allowance is so made at that time, not in gross but in instalments, the court retains jurisdiction, while both parties live, to thereafter increase or decrease or entirely discontinue the allowance as the changing circumstances of the parties may require; but he contends that if an award of alimony is not made when the divorce is granted, or at the same term, jurisdiction over the question of alimony is at an end; and that in this case the attempt to reserve that question was a void act, and the court had no jurisdiction to entertain a motion or petition for alimony at a later term, and that this entire proceeding for alimony is *coram non judice*. *We are of opinion that the setted practice in this state is otherwise.* This bill asked for two branches of relief—a divorce, and an allowance for support and maintenance and for solicitor's fees. The prayer for alimony was incidental to the main relief sought. It was entirely in harmony with recognized equity practice to grant a final decree as to the main question, viz., the divorce, and to retain jurisdiction of the incidental matter of alimony till some later date and term for any reason which seemed to the court to justify that course. In *Hunter v. Hunter,* 100 Ill. 519, the bill by a wife prayed a divorce and also for separate maintenance. Upon a jury trial there was a verdict finding for defendant as to the cause alleged for a divorce and for complainant as to the right to a separate maintenance. The court dismissed so much of the bill as prayed for a divorce, and decreed complainant entitled to a separate maintenance, and continued the case to hear evidence as to what defendant should pay. An appeal by defendant was held prematurely taken, which meant that the court did not lose jurisdiction by postponing the matter of an allowance after entering a de-

cree disposing of the issue as to the divorce. In *Reavis v. Reavis,* 1 Scam. 242, under a statute similar to section 18 above quoted, the court decreed a divorce to the husband and that alimony be allowed to the wife for the support of herself and child, and continued the cause to the next term to hear the evidence as to the amount to be allowed. This was treated as proper practice. A decree at the next term allowing her one cent was reversed with directions to make her a reasonable annual allowance. In *Craig v. Craig,* 163 Ill. 176, a wife obtained a divorce at one term of court, and in the decree the question of alimony was reserved for a further hearing, and a decree on that subject was entered more than a year later. Still later another decree corrected the description of land on which she was given a lien, and the amount of the instalments was reduced. Thereafter another decree was entered to enforce collection of certain unpaid instalments, and terminating the alimony with payment thereof. Complainant appealed from the last order. It was held that the former proceedings were not brought before the court by the appeal. Yet this was a tacit approval of the course pursued at the entry of the decree of divorce in reserving the question of alimony till another hearing at a later term, for if appellant's position here is sound everything done after the term at which the divorce was granted was without jurisdiction; but the Supreme Court treated the case as if there had been jurisdiction to award alimony at a later term; and that allowance was so treated in the later case of *Henderson v. Craig,* 179 Ill. 395, and *Henderson v. Kibbie,* 211 Ill. 556, where the same allowance of alimony was further involved. *Galusha v. Galusha,* 138 N. Y. 281.

"This is not a new suit, but is a part of the original proceedings for divorce and alimony, and all the provisions of our statute relating to divorce, including section 15, which authorizes the allowance of temporary

alimony and solicitor's fees while the suit is pending, are applicable.'' (Italics ours.)

We concur fully in Justice DIBELL's statement as to the settled practice in this State. The important ruling in the *Starrett* case has never been overruled nor modified.

In *Kelley v. Kelley*, 233 Ill. App. 203, *service was had by publication* and the decree, strangely enough, awarded the complainant alimony and solicitor's fees. The decree did not reserve the allowance of alimony for future consideration. On December 4, 1922, the complainant filed a petition in the cause in which she admitted that the provisions in the decree as to alimony and solicitor's fees were void. She averred that the defendant was then working in Chicago and in receipt of a large income, that she was without any means of support and that ''he is now within the jurisdiction of the court and can be served with summons,'' and she prayed that the court decree that the defendant pay her alimony for her support and maintenance and for the child's support, and solicitor's fees, and that a summons issue commanding the defendant to appear in court. The defendant filed an answer in which he admitted the entry of the decree, and that he was served by publication; that by the terms of the decree ''An order for alimony and solicitor's fees, to be paid by this respondent, was fixed by the court,'' but he alleged that the decree ''did not reserve the right to fix, adjust or determine alimony, if any, due to the complainant . . . and that the court was without jurisdiction to award any alimony or solicitor's fees to the complainant, upon the hearing of said case''; and he denied that the court had any jurisdiction to hear the petition or to enter any order for solicitor's fees, alimony or court costs against him. There was a hearing on the petition and answer, evidence was taken, and the chancellor entered an order reciting the history of the case and

the evidence heard by him, and decreed that the respondent pay to the petitioner $12.50 a week as alimony for herself and the child, beginning January 20, 1923, and every week thereafter until the further order of the court. Solicitor's fees were awarded in the sum of $75. The Appellate court held that the finding in the original decree as to alimony and solicitor's fees was a nullity and therefore it could not be inferred that jurisdiction of the subject matter, alimony, etc., was reserved; that under that state of the record the trial court was without jurisdiction to enter the order of January 20, 1923. But in the opinion the court recognized that "there are decisions which hold that, where in the original decree for divorce it is provided that the consideration of the subject of alimony is reserved, independent proceedings may be inaugurated, even after the expiration of the term at which the original decree was entered, for the determination and assessment of alimony," and the court quotes, apparently with approval, the ruling in the *Starrett* case. The *Kelley* case was appealed to the Supreme court (317 Ill. 104) and as defendant strongly relies upon the decision of that court we will refer to it later. There is only an abstract of the decision in *Karcher v. Karcher*, 204 Ill. App. 210, where it was held that no jurisdiction to award alimony in a decree for divorce existed on service of summons against the husband by publication, but that where the decree for divorce in such suit reserved the question of alimony for the future consideration of the court and the court thereafter by service of process or entry of appearance secured jurisdiction of the husband *in personam* the court might proceed to adjudicate the right of the wife to alimony and in the usual way to enforce its payment at a term subsequent to that at which the decree of divorce was entered. Mr. Justice HOLDOM, who wrote the opinion in the *Karcher* case, approved the ruling

made in the *Starrett* case. The opinion in the *Karcher* case states:

"We cannot see any distinction in the statute limiting the power of the court to reserve the question of the allowance of alimony to causes where jurisdiction of the defendant is obtained by personal service, and the barring of such power in those cases where service of the defendant has been had by publication. When the court by service of process or by entry of appearance secures jurisdiction of the defendant *in personam,* the court may proceed to adjudicate the right of the wife to alimony and in the usual way to enforce its payment at a term subsequent to that at which the decree of divorce was entered."

The opinion states that no decision of the Supreme court can be found holding to the contrary. The Supreme court denied a *certiorari* in that case. In *Young v. Young,* 323 Ill. 608, the Supreme court held that because of the financial condition of the husband "the question of an allowance of alimony to her [plaintiff] should have been reserved for future consideration, as changes in the circumstances of the parties may warrant and as shall then appear to be proper and reasonable." (p. 616) We might refer to decisions of some of the sister States that support plaintiff's position, but we do not deem it necessary to do so.

We will refer to the cases cited by defendant in support of his position: As to the case of *Kelley v. Kelley,* 317 Ill. 104, the state of the record in that proceeding and the question that the court was called upon to determine sufficiently appear from our statement in reference to the opinion of the Appellate court in the same case (233 Ill. App. 203). The Supreme court in that case held that a complainant who accepts a decree of absolute divorce where service is had on the defendant by publication waives any right to alimony and solicitor's fees. As a *certiorari* was refused in the *Karcher*

case the decision of Supreme court in the *Kelley* case overrules the ruling made by the Appellate court in the *Karcher* case, but it is not an authority in support of defendant's position in the instant case; indeed, it has no application to the question before us. In the opinion of the Supreme court there is no criticism of the rule laid down in the *Starrett* case. Defendant places so much reliance upon the decision of the Supreme court in the *Kelley* case that we deem it advisable to restate the fact that there was personal service upon the defendant in the instant case and the decree reserved the question of alimony until the further order of the court. We are unable to see how the case of *Johnson v. Johnson,* 381 Ill. 362, has any application to the question before us. We may say the same as to *Herrick v. Herrick,* 319 Ill. 146; *Trotter v. Trotter,* 77 Ill. 510, and *Anderson v. Anderson,* 380 Ill. 435. In the case of *Luczynski v. Luczynski,* 327 Ill. App. 548, the decree dismissed plaintiff's complaint and it was held that because of that fact certain other provisions in the decree were void. The Appellate court held that there was so much confusion in the trial of the case that they deemed it necessary to reverse the decree, and reversed and remanded the cause for a new trial. In *Recklein v. Recklein,* 327 Ill. App. 641, the decree awarded a sum in gross in lieu of all alimony and it was held that this award could not be modified at a later date. In *Saurman v. Saurman* [131 Ore. 117], 282 P. 111, the complaint filed by the wife alleged that the parties had no children and that they had settled their property rights out of court. The decree entered made no mention of the property settlement contract and awarded the plaintiff no relief except the dissolution of the marriage contract. Later the wife filed a motion to vacate the decree, upon the ground that the decree was procured by fraud. The trial judge denied her motion and the Supreme court affirmed that ruling. It would appear from the opinion that plaintiff asked the Supreme

court to modify the divorce decree by requiring the defendant to pay for her support the sum of $350 per month, but that court held that the plaintiff did not ask for alimony and the decree made no provision as to alimony, and that it—the Supreme court—had no power under the Oregon statute to require the defendant to pay plaintiff alimony. That case has no application to the question before us. Defendant also cites *Tenny v. Tenny* (Fla.), 3 So. 2d 375. We have read the opinion in that case and find it difficult to believe that defendant is serious in his statement that it supports his position. While the opinion of the Florida court does not state which party obtained the divorce we may reasonably infer from certain language in the opinion that the husband obtained the decree and that because of that fact he owed no duty or obligation to the wife under the Florida statutes. The decree was affirmed *in toto* save in one particular, viz., the trial court retained jurisdiction of the subject matter and the parties *"and the allowance to her (the wife) of whatever amount which may be reasonable and just for attorneys' fees which may be incurred in the future."* (Italics ours.) And the court concludes: "The language *supra* [italicized] is hereby deleted from paragraph 14 of the final decree dated April 26, 1940, and the said decree stands affirmed as deleted."

We are satisfied that the rule stated in the *Starrett* case is the law of this State. When the decree was entered in the instant proceeding the court had full jurisdiction of the parties and the subject matter, which included the question of alimony, and the trial court by apt language retained in the decree, as it had a right to do, jurisdiction of the question of alimony. There are cogent reasons why chancellors in certain cases would deem it advisable to reserve for future consideration the question of alimony. The Supreme court in *Young v. Young, supra,* found a situation present in that case that called for a reservation for future

consideration of the question of alimony. The chancellor who dismissed the instant petition had full jurisdiction to hear and determine the merits of that petition, and he erred in dismissing it.

The judgment order of the Superior court of Cook county of November 19, 1945, dismissing plaintiff's petition is reversed and the cause is remanded with directions to the chancellor to hear and determine the petition upon the merits.

*Judgment order of November 19, 1945, reversed and cause remanded with directions.*

SULLIVAN, P. J., and FRIEND, J., concur.