IDA M. GOLD, Plaintiff and Counterdefendant-Appellee, *v.* MORTIMER GOLD, Defendant and Counterplaintiff-Appellant.

(No. 57916;

First District (5th Division)—January 4, 1974.

Stone, Pogrund & Garland, of Chicago (Bertram A. Stone, of counsel), for appellant.

Melvin A. Weinstein, of Chicago (Michael D. Gerstein, of counsel), for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Each of the parties to this action sought a divorce—by plaintiff's complaint on the grounds of cruelty and by defendant's counterclaim for desertion. After a full hearing, the court found all issues as raised by both pleadings in favor of defendant and entered a decree of divorce in his favor. The decree also provided that the question of alimony for either party be reserved to a later date, that defendant pay $1000 in attorney's fees to plaintiff's attorney, that each party retain all personal property in his or her possession as sole owner thereof, and that the real property owned jointly by the parties be sold to a third person for not less than its fair value of $44,000, but within 60 days of the decree either party could acquire the interest of the other for 45% of said value.

Defendant has appealed, not from the part of the decree granting the divorce, but from the four particulars of the decree last stated above.

First, defendant claims that the reservation of the question of alimony rights is improper in the case of a spouse found to have been a wrongdoer. While it is true that formerly an erring wife was considered ineligible for alimony, the Illinois divorce statute has been construed to allow alimony to an erring wife where all the facts and circumstances in a given case warrant the court in doing so to prevent the imposition of an unjustifiable hardship. (*Fox v. Fox*, 9 Ill.2d 509, 138 N.E.2d 547.) And in such event the court may also reserve the question of alimony. *Farris v. Kiriazis*, 329 Ill.App. 225, 67 N.E.2d 701.

■■ The facts of this case show that even if some hardship might ensue to plaintiff were she never to receive alimony, the relative circumstances of the parties does not render such a situation unjustifiable. The record indicates that while for her various ailments plaintiff was under the care of a bone surgeon, a gynecologist, and a dentist, she did not visit them very frequently in the months prior to trial. Furthermore, her health was sufficiently good to enable her to earn a gross income of $150 a week—roughly, $7500 per year. This amount is not significantly less than defendant's annual gross income of $8000 to $10,000. Defendant also had health troubles, having suffered a heart attack, and he was undergoing regular medical care.

██ We think that these facts do not demonstrate the "special circumstances" that would entitle an erring spouse to alimony. Further, such special circumstances must be present at the time of the trial, or must be likely to arise in the near future, in order to warrant reservation of the question. Otherwise, the reservation will serve as an insurance policy in favor of the wrongdoer against future misfortune. Alimony is founded on the natural and legal duty of a husband to support his wife. (*Blowitz v. Blowitz,* 75 Ill.App.2d 386, 221 N.E.2d 160.) Once a wife is found to have acted in such a manner as to constitute grounds for divorce, especially in a contested proceeding such as the one at bar, this duty will terminate under ordinary circumstances. We see no reason based on the facts of this case for holding the possibility of the revival of this duty over the head of a spouse who has been found free from fault. Accordingly, plaintiff should have been barred from alimony.

Second, defendant contends that the trial court erred in allowing plaintiff's request for attorney's fees. Defendant objects only to the order in the decree to pay $1000; he has complied with, and raises no issue as to, an interlocutory order to pay $610 in temporary attorney's fees earlier in the course of the litigation.

██ Section 15 of the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 16) authorizes the trial court to order the payment of such attorney's fees as may seem equitable, regardless of the disposition of the case. (*Fox v. Fox,* 9 Ill.2d 509, 138 N.E.2d 547.) It has long been the law in Illinois that allowance of attorney's fees in a divorce proceeding is not automatic but depends upon a showing both that one of the parties is financially unable to pay his own fees and that the opposing party does have such ability. (*McLeod v. McLeod,* 133 Ill.App.2d 111, 272 N.E.2d 834.) In this case the evidence is insufficient to support either of these two elements, and we find that the trial court abused its discretion in allowing the attorney's fees in question. That part of the decree is therefore reversed.

Defendant's third contention is that the court erred in allowing plaintiff to keep as her own property some shares of stock in her possession at the time of the decree but owned jointly by the two parties. The record reveals that at trial the parties twice stipulated that the stocks plaintiff had in her possession and the cash defendant had in his possession would offset each other and therefore were to be retained by each as his own property. At oral argument before this court, defense counsel represented that certain stocks held by plaintiff were not in the contemplation of the parties at the time of trial; that they were nevertheless covered by the decree; and that as a result, the decree is inequitable.

██ This court is restricted in its consideration of the issues to the

record of the trial court (*People ex rel. Coats v. Sain,* 24 Ill.2d 248, 181 N.E.2d 179), which is devoid of any indication that the agreement the parties themselves determined to have been fair is in fact inequitable. Thus, we shall apply the longstanding principle that the parties to a divorce suit may voluntarily adjust their property interests, and when such an agreement is made a part of the decree, the parties are concluded thereby. (*Guyton v. Guyton,* 17 Ill.2d 439, 161 N.E.2d 832.) That part of the divorce decree giving to each party the personalty in his possession at the time of the decree is affirmed.

■■ Defendant's final contention is that after plaintiff's desertion he maintained the home of the parties, and he should therefore receive partial reimbursement for such expenses, including mortgage payments during that period. Defendant did incur such expenses, but he was the one who occupied the home and benefited from these expenses by his enjoyment of the premises. In a divorce action, the court may adjust the equities of the parties in any property owned by them jointly. (*Podgornik v. Podgornik,* 392 Ill. 124, 63 N.E.2d 715.) The refusal of the trial court to order the requested reimbursement was not error.

The decree of divorce is affirmed as set forth above, but is reversed and remanded for modification in the two respects indicated in this opinion.

Affirmed in part; reversed and remanded in part.

SULLIVAN, P. J., and DRUCKER, J., concur.