IDA M. GOLD, Plaintiff and Counterdefendant-Appellee, v. MORTIMER GOLD, Defendant and Counterplaintiff-Appellant.

(No. 60854; ▮▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—May 23, 1975.

Stone, Pogrund & Korey, of Chicago (Bertram A. Stone, of counsel), for appellant.

Melvin A. Weinstein, of Chicago (Edmund F. Landberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Mortimer Gold, defendant, was awarded a decree of divorce in 1972. The decree provided, among other things, (1) the question of alimony for either party to be reserved to a later date; (2) that the defendant pay $1,000 in attorney's fees to plaintiff's attorney; (3) that each party retain all personal property in his or her possession as sole owner thereof; (4) that the real property owned jointly by the parties be sold to a third person for not less than its fair market value of $44,000, but within 60 days of the decree either party could acquire the interest of the other for 45 percent of said value.

Defendant only appealed the above stated provisions of the divorce decree. With respect to the provision setting the valuation of the property, defendant claimed that the trial court erred in ordering the sale of,

or the right of either party to purchase the real property at the fair market value of $44,000 without having ordered an account of certain moneys expended by defendant. Defendant, however, did not appeal the finding in the decree that the fair market value of the property was $44,000. The appellate court in *Gold v. Gold,* 17 Ill.App.3d 11, 308 N.E.2d 75, reversed and remanded the provisions relating to alimony and attorney's fees, affirmed the provision with respect to the retention of the personal property and affirmed the trial court's order denying an accounting for defendant's expenses.

■■ The opinion in *Gold* is silent on the trial court's finding that $44,000 was the fair market value of the property involved and by its silence affirmed that finding in the decree. Plaintiff and counterdefendant-appellee did not cross-appeal, thereby accepting the court's finding as to the fair market value.

Shortly after that decision, plaintiff filed a petition in the trial court requesting the appointment of an appraiser to determine the present fair market value of the real property owned jointly by the parties. In his answer, defendant exercised his option to purchase plaintiff's interest in the property. It is from the trial court's order granting plaintiff the relief sought that defendant takes this appeal.

■■ The appellate court, by affirming the trial court's decision not to consider defendant's expenses for the maintenance of the property, acknowledged that the price to be paid by defendant, should he elect to purchase the plaintiff's interest, is the fair market value as set forth in the divorce decree. This determination removed from the trial court the authority to modify the decree in the form of an order to reappraise the property. On remand it was the duty of the trial court to modify the decree as directed by the opinion of the appellate court and in no other manner. *Pritchard v. Fruit,* 214 Ill.App. 340; *Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300.

For the above-stated reason, we find that the trial court does not have jurisdiction to order the sale of the real estate at any price other than the fair market value as set forth in the divorce decree. We reverse the order of the trial court granting plaintiff a reappraisal.

Reversed and remanded.

DRUCKER and LORENZ, JJ., concur.